26630. HAYNES *v.* ELBERTON MOTORS INCORPORATED.

DECIDED JANUARY 22, 1938.

*J. T. Sisk,* for plaintiff. *Clark Edwards Jr.,* for defendant.

SUTTON, J. ■ "Fraud renders contracts voidable at the election of the injured party." Code, § 20-502. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation renders the sale voidable at the election of the injured party, though the party making it was not aware that his statement was false." § 96-202. In an action for fraud and deceit in the sale and purchase of personal property, where the plaintiff elects to affirm the sale, the measure of damages is the difference between the value of the thing sold at the time of delivery and what would have been its then value if the representa-

tion made by the seller had been true. *Millirons* v. *Dillon,* 100 *Ga.* 656 (2) (28 S. E. 385); *McCrary* v. *Pritchard,* 119 *Ga.* 876 (7) (47 S. E. 341); *DeMent* v. *Rogers,* 24 *Ga. App.* 438 (101 S. E. 197); *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (3-a) (105 S. E. 57); *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (150 S. E. 600).

■ The case at bar was for damages for fraud and deceit based on the alleged misrepresentations as to the condition of a certain automobile purchased by the plaintiff from the defendant, that it was reconditioned and guaranteed, and was in first-class running condition and free from defects, which representations were untrue and made with the intention to and did deceive the plaintiff. The plaintiff alleged that the purchase-price of the automobile was $475, that he paid $190 of this amount at the time of the sale by trading in his old car at $175 and paying $15 cash, and that he was damaged $190. There was evidence on the trial of the case as to the value of the automobile if the alleged representations had been true, but there was no evidence as to its value as it actually was at the time of the trade or thereafter. At the conclusion of the evidence the court granted a nonsuit. Applying the rules of law stated above to the evidence, we think the court properly nonsuited the case, as there was no evidence from which the jury could determine the difference between the value of the automobile in question at the time of the sale and what would have been its value at that time if the representations made by the defendant had been true. Under the evidence in the present case, the cases cited by the plaintiff in error, *Reeves* v. *Jackson,* 113 *Ga.* 182 (38 S. E. 314), *Atlantic Coast Line Railroad Co.* v. *Tifton Produce Co.,* 50 *Ga. App.* 614 (3) (179 S. E. 125), and *Nalley* v. *Moore,* 51 *Ga. App.* 718 (3) (181 S. E. 429), do not require or authorize a different ruling from the one made here.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*