### 45332.  CORBIN v. LEE.

Eberhardt, Judge.  Howard Corbin brought suit against Bobby Lee, seeking to recover $2,000 actual damages and $2,000 punitive damages for fraud and deceit in the sale of realty. The evidence showed that Lee executed a warranty deed on July 1, 1967, purporting to convey to Corbin a one-half undivided interest in six lots of land.  Corbin later learned of another warranty deed dated January 10, 1967, and recorded August 29, 1967, purporting to convey the same interest from Lee to Kenneth Jones.  The evidence was conflicting as to whether Corbin was an innocent purchaser for value without notice, or whether the conveyance was a sham transaction for the purpose of enabling him to finance the purchase of a mobile home, both parties knowing that Lee had previously conveyed his interest to Jones.  There was also a dispute as to the actual date of the Lee-Jones conveyance, Corbin contending it was made subsequent to his conveyance but back-dated, and Lee contending the date appearing on the deed was correct.  Of the $2,000 prayed as actual damages, $750 was sought as the purchase price paid to Lee and

$1,250 was sought as the value of improvements Corbin had made. There was no evidence that Corbin had attempted to rescind the contract, restore the benefits received, and regain the sums paid out. On the contrary the evidence showed that Corbin intended to remain, and still remains, in possession. There was no evidence of an eviction, or that Corbin had been required to pay rent, or that because of the title status he had been refused a loan on the property.[1] At the conclusion of the evidence the trial court directed a verdict for Lee on the basis that Corbin had failed to prove any actual damage. *Held:*

We affirm. "When a vendee is induced to enter into a contract for the purchase of land by the fraud of the vendor, when the former discovers the fraud he has an election of remedies. One of such remedies is to rescind the contract, and another is to affirm the contract and sue for damages for the fraud. [Cit.] One who seeks rescission of a contract on the ground of fraud must restore or offer to restore the consideration therefor as a condition precedent to bringing the action. [Cit.]" *Manget v. Cunningham,* 166 Ga. 71, 88 (142 SE 543). "One who has been fraudulently induced to purchase property may, after discovering the fraud, affirm the contract and sue for damage resulting from the fraud, or he may rescind the contract for fraud and, after offering to restore, recover the purchase price paid by him. [Cit.] In the former case it should appear from the petition to what extent the plaintiff has been damaged as a result of the fraud, and in the latter it must appear that he repudiated the contract

---

[1] If the action had been for breach of warranty it would have been incumbent upon the plaintiff to show (1) that he had been required to pay off an outstanding incumbrance against which the warranty applied, (2) that he had been either actually or constructively evicted because of legal proceedings of which the warrantor had notice, or (3) that he had been actually or constructively evicted by an adverse paramount title. Mitchell, Real Property (1945) p. 473. An action of ejectment has for its purpose the obtaining of a writ of possession (*Code* § 33-121), in which the plaintiff must recover on the basis of his own title, a good defense being that a paramount title is outstanding either in the defendant or in some third person. Powell, Actions for Land (1946) § 159, p. 160.

for fraud and offered to rescind promptly after the discovery of the fraud. [Cit.]" *Dunn v. Citizens & Southern Co.*, 47 Ga. App. 600 (1) (171 SE 170). If suit is brought for pecuniary damage resulting from a misrepresentation as to the state of the title to real estate, actual damage, such as the enforcement of an outstanding security deed which was represented not to exist, must be proved; whereas if the election is made to rescind the contract and recover the purchase price, it is not necessary to show an eviction. *Crowell v. Brim,* 191 Ga. 288 (12 SE2d 585).

In the instant case Corbin did not restore, or offer to restore, the land in his possession and seek rescission of the contract, but on the contrary he has elected to affirm the contract, retain its fruits, and sue for damages. Hence he cannot recover the purchase price but must show to what extent he has been damaged; and since no damage has resulted, the judgment must be

*Affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MAY 5, 1970—DECIDED MAY 21, 1970.

*Greer, Sartain & Carey, Jack M. Carey, John L. Cromartie, Jr., Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Smith & Smith, Douglas E. Smith,* for appellee.