49317. HANNAH et al. v. SHAUCK et al.

DEEN, Judge.

This is an appeal from the grant of summary judgment to the defendant Shaucks, who entered into a contract of sale of their residence to the Hannahs on February 8, 1973, for an agreed price on agreed terms, giving them until May 15 to furnish marketable title. The contract contained various special stipulations, none relevant here except for promise of possession on May 15. The contract contains the usual stipulations that it constitutes the entire agreement, is not modifiable unless in writing, and that there are no representations, promises or inducements not included therein. On May 16 the contract was consummated and a closing statement issued which recited: "Buyers waive termite inspection."

The complaint alleges that on the day of the closing plaintiffs asked defendants for the termite certificate and defendant Charles Shauck replied that he did not have it with him but "there were definitely no termites on the property." What bugged the plaintiffs is that the statement was untrue. They sued for damages, alleging that had the defendant not made the statement they would not have purchased the property; that this "representation and warranty" is false and they have been damaged in the sum of $1,400; that the defendant knew when he made it that the representation was false and material and that plaintiffs (appellants) would rely on it and proceed with the closing; that they did not know the representation was untrue, and had the defendants "not prevented the plaintiffs from making a complete and reasonable inspection of the aforesaid property the

plaintiffs would have discovered the termite damage."
*Held:*

1. The record consists only of unsworn pleadings, the contract of sale and the closing statement. From these it appears that the plaintiffs did not ask about termites until a month after the sale contract had been executed, and nothing in the contract requires any information or action by the sellers. The plaintiffs do not attempt to rescind the contract for fraud, as they might have done, but affirm the sale and seek damages. "Where one who is induced to contract by the fraudulent misrepresentations of the other party elects to affirm the contract and seek damages, he is bound by the provisions of the contract and may not recover if any of the contractual provisions preclude him from establishing any of the five essential elements of an action in tort for fraud and deceit." *Gem City Motors v. Minton,* 109 Ga. App. 842 (2) (137 SE2d 522). Plaintiffs cannot, accordingly, contend that they relied on the sellers' statement that there were no termites. This statement was not made until a month after the execution of the contract, and the contract itself stipulates that no representation not included in it is to be relied upon.

2. The very general allegation in the complaint that had the defendants not prevented them they would have themselves made an inspection and found the termite damage is only marginally adequate in view of Code Ann. § 81A-109 (b) requiring circumstances constituting fraud to be stated with particularity. It is not amplified on the summary judgment hearing by affidavit or otherwise, and is not of itself the alleged misrepresentation on which the action is based. As stated in *Summer-Minter v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173), under Code Ann. § 81A-156 (e) an adverse party in summary judgment must not rest merely on his pleadings, but come forth with facts showing that there is a genuine issue for trial. This the plaintiffs failed to do.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

Argued May 7, 1974 — Decided May 17, 1974.

*Harris, Chance & McCracken, William R. Mc-Cracken,* for appellants.
*McGahee, Plunkett, Benning & Fletcher, Keith W. Benning,* for appellees.