## 53124. LANCASTER v. EBERHARDT.

McMurray, Judge.

This is a damage suit involving the purchase of a used Datsun automobile by the plaintiff from the defendant in which it is alleged that the automobile was substantially defective at the time of purchase, having a cracked engine block and other problems. Count 1 contends that the defendant breached his implied warranty of fitness under the Uniform Commercial Code. Count 2 alleges the defendant made certain affirmative representations as to the automobile at the time of the sale, that he had checked the automobile out mechanically, and that the engine was in good shape, did not use oil, and that said representations were false and known to be false by the defendant at the time they were made for the sole purpose of inducing plaintiff to purchase said defective automobile. In addition to the compensatory damages alleged in Count 1, the plaintiff in Count 2 seeks exemplary damages and attorney fees. In Count 3 plaintiff alleges the affirmative misrepresentations by the defendant were made for the purpose of inducing the plaintiff to purchase the defective automobile and constitutes violation of the Fair Business Practices Act of Georgia for which he seeks general, exemplary and treble damages, as well as reasonable attorney fees and expenses of litigation. The defendant denied generally all grounds of the complaint, admitting only jurisdiction and sale of the automobile and attached a copy of the bill of sale showing the sale of the automobile "as is."

The case came on for a hearing before the court on stipulations of fact and evidentiary matter consisting of the bill of sale. The trial court rendered combined findings of fact and conclusions of law and found as a matter of fact and concluded as a matter of law that the "bill of sale was delivered to the plaintiff at the time of the sale of said automobile, and that pursuant thereto she took title to the Datsun automobile thereon referred to, and paid to the defendant the sum agreed upon, to wit: $1,050"; "that the bill of sale is what is known as an 'as is' bill of sale and as such did not make any representations or warranties

whatsoever in connection with the sale"; "that the defendant did not therefore breach any express or implied warranties whatsoever"; and "that the defendant cannot be held liable for any alleged misrepresentations because the plain language of the bill of sale referred to warned the plaintiff that there were no representations at all in connection with the bill of sale of the subject automobile." Judgment was rendered in favor of the defendant with all cost taxed to the plaintiff. Plaintiff appeals. *Held:*

1. The findings of fact and conclusions of law of the lower court as to Count 1 appears to be absolutely correct under the bill of sale as made. There were no implied warranties as same were excluded by the express "as is" in the bill of sale. See Code Ann. §§ 109A-2—315, 109A-2—316 (Ga. L. 1962, pp. 156, 190; 1971, pp. 457, 458); *Harrison-Gulley Chevrolet, Inc. v. Carr,* 134 Ga. App. 449, 451 (214 SE2d 712).

2. But only Count 1 involves an implied warranty, and Counts 2 and 3 involve fraud and deceit allegedly occurring before the sale and purchase of the automobile. The findings of fact refer to an agreed "stated stipulations," and the "bill of sale" as being in evidence. The brief of plaintiff contends that only the bill of sale was stipulated in evidence. However, the brief of the defendant contends the "stated stipulations" were transcribed by a court reporter. While plaintiff has appealed without the transcript, we have requested that the clerk send up any transcript or written stipulations, and a certificate has been forwarded that there is none. The record fails to disclose the circumstances surrounding the claim as to the cracked block and other problems involved. See Code § 105-302 (fraud in the inducement); Code Ann. § 109A-2—313 (Ga. L. 1962, pp. 156, 188) (express warranties); *McMichen v. Martin Burks Chevrolet, Inc.,* 128 Ga. App. 482 (1) (197 SE2d 395); *City Dodge, Inc. v. Gardner,* 232 Ga. 766 (208 SE2d 794); as well as the Fair Business Practices Act of 1975 (Ga. L. 1975, p. 376 et seq.; Code Ch. 106-12), rules and regulations of the Federal Trade Commission (15 USCA § 45 (a) (1)); and Code Ann. § 106-1203 (c), supra. Without a transcript we cannot determine the evidence upon which the case was tried. *Graham v. Haley,* 224 Ga. 498 (162

SE2d 346); *Cason v. Upson County Bd. of Health,* 227 Ga. 451 (2) (181 SE2d 487). Further, the burden of proof was on the plaintiff to prove his claim (Code § 38-103; *Whitley v. Wilson,* 90 Ga. App. 16 (3) (81 SE2d 877)) and without evidence to support Counts 2 and 3 we must affirm.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED MARCH 9, 1977.

*Sidney L. Moore, Jr.,* for appellant.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Gregory J. Digel,* for appellee.

*Robert E. Hall, Assistant Attorney General,* amicus curiae.