53530. CALDWELL v. LORD & TAYLOR, INC.

SHULMAN, Judge.

This appeal is from the grant of summary judgment for appellee, one of several defendants in this action. Appellant sued Lord & Taylor and others for personal injury to one eye following the application of false eyelashes by a manufacturer's representative. The application took place in Lord & Taylor's store and appellant purchased the lashes there. The sole theory on which appellant proceeded against Lord & Taylor was breach of implied warranties of merchantability and

fitness for a particular purpose.

Appellant admitted the following in her pleadings and deposition: that the person applying the lashes warned her of possible irritation if the adhesive supplied with the lashes came in contact with skin or eyes; that lashes applied properly to one eye had caused no difficulty; and that glue was inadvertently introduced into her other eye (the damaged one) by the person applying the lashes.

1. "An action based on breach of warranty necessitates a showing of the existence of the warranty, the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained." *Fender v. Colonial Stores, Inc.,* 138 Ga. App. 31, 32 (225 SE2d 691). There can be no doubt of the existence here of the warranties provided for in Code Ann. §§ 109A-2—314, 109A-2—315. But, appellant has failed to show a breach thereof.

2. Appellant's testimony that the eyelashes, when properly applied, caused her no difficulty not only does not support but contradicts her claim of breach of warranty. This is so unless the warranty was that the glue would not cause damage when placed directly into the eye. Such a warranty will not be implied where it is evident that the product functioned for the ordinary purpose for which it was intended. *Poppell v. Waters,* 126 Ga. App. 385 (190 SE2d 815).

It is clear from the warning given appellant that the purpose for which the product was intended did not include the use in the user's eye of the adhesive supplied. So, even if there was a warranty that the product ". . . was safe to use without danger to the user, that could only apply if the article was used in a normal manner. . ." *Evershine Products v. Schmitt,* 130 Ga. App. 34, 36 (202 SE2d 228).

Since the facts show that the product was safe when used as intended and that the alleged damage resulted from a use in other than a normal manner, there was no breach of warranty shown and summary judgment for appellee was proper.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 5, 1977 —
REHEARING DENIED APRIL 29, 1977 —

*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr.,* for appellant.

*W. Pitts Carr, Freeman & Hawkins, William Q. Bird,* for appellee.