## 54695. HUTCHINSON HOMES, INC. v. GUERDON INDUSTRIES, INC.

WEBB, Judge.

Hutchinson Homes purchased from Guerdon Industries a mobile home for which $7,762 was paid. The construction of the mobile home permitted division into two parts for handling and transportation. It was so divided, and in the transportation by the purchaser one-half collapsed and was totally destroyed, because of

which the other half became unmarketable. Hutchinson sought damages against the seller charging a breach of warranties under Code Ann. §§ 109A-2—313, 109A-2—314 and 109A-2—315, claiming that the breach "was intentional and bad faith." The purchaser asked damages equivalent to the purchase price, plus punitive damages and attorney fees.

Attached to and made a part of the purchaser's complaint was the invoice for the purchase with the words therein clearly typed and underscored: "Note: Sold as is"

Seller moved to dismiss the action because it failed to state a claim upon which relief could be granted, and to strike certain paragraphs because they "are redundant, immaterial, impertinent and scandalous," all upon the ground that the complaint affirmatively showed the mobile home was sold to the purchaser on an "as is" basis. The court sustained the motions and dismissed the complaint.

Although Hutchinson specifies some eight alleged errors, the issue is whether the dismissal by the trial court was proper. We hold that it was.

"[U]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." Code Ann. § 109A-2 — 316 (3) (a).

"The term, 'sold as is,' when contained in a contract for the sale of personalty, means that the buyer takes the article in its then present state or condition without any implied warranty as to soundness of condition or suitability for the use or purposes intended." *Findley v. Downing Motors, Inc.,* 79 Ga. App. 682 (54 SE2d 716) (1949); *Lancaster v. Eberhardt,* 141 Ga. App. 534 (1) (233 SE2d 880) (1977).

The purchaser contends that the collapse of the mobile home was due solely to the faulty manufacture on the part of the seller, and that the "faulty manufacture" was a breach of implied warranties. "An action based on breach of warranty necessitates a showing of the existence of the warranty, the fact that the warranty was broken and that the breach of the warranty was the

proximate cause of the loss sustained." *Fender v. Colonial Stores, Inc.,* 138 Ga. App. 31 (1A) (225 SE2d 691) (1976); *Caldwell v. Lord & Taylor, Inc.,* 142 Ga. App. 137 (2) (235 SE2d 546) (1977). But here the mobile home was "sold as is"; there were no warranties.

The trial judge did not err in granting the seller's motion to dismiss the complaint on the ground of its failure to state a cause of action upon which relief can be granted. Code Ann. § 81A-112 (b); *Brock v. Pa. Nat. Mut. Cas. Ins. Co.,* 140 Ga. App. 110 (230 SE2d 37) (1976).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED OCTOBER 26, 1977.

*M. McNeill Holloway, III,* for appellant.
*Leon A. Wilson, II,* for appellee.