55202. CONDIOS, INC. v. DRIVER et al.

SHULMAN, Judge.

Appellant brought this suit to enjoin a foreclosure and to recover damages allegedly resulting from misrepresentations by appellees and their agent which were made to induce appellant to enter into a contract to purchase a hotel. Appellant asserts that appellees, with knowledge that their representations were false, stated that the hotel complied with all applicable safety codes, when, in fact, they had been informed by the fire marshal that the building could no longer be used as a hotel because of numerous fire hazards. It was not until six months after the purchase, appellant asserts, that it was informed by the fire marshal of the fire hazards.

Appellees answered the suit, denying the fraud and counterclaiming for the amount due on a note executed by appellant. This appeal is brought from the grant of summary judgment in favor of appellees on both the main suit and their counterclaim. The injunction is not at issue on this appeal.

1. The contract here contains a clause reading, "No representation, promise or inducement not included in this contract shall be binding upon any party hereto." Appellees contend, correctly, that the presence of that clause prevents appellant from showing reliance on any representations made before the contract was signed.

" 'When a vendee is induced to enter into a contract for the purchase of land by the fraud of the vendor, when the former discovers the fraud he has an election of remedies. One of such remedies is to rescind the contract, and another is to affirm the contract and sue for damages for the fraud. [Cit.] One who seeks rescission of a contract on the ground of fraud must restore or offer to restore the consideration therefor as a condition precedent to bringing the action. [Cit.]' *Manget v. Cunningham,* 166 Ga. 71, 88 (142 SE 543)." *Corbin v. Lee,* 121 Ga. App. 784, 785 (175 SE2d 102).

Appellant has made no tender of the property nor

taken any other action to rescind the contract. It has, therefore, elected to affirm the contract and seek damages.

" 'Where one who is induced to contract by the fraudulent misrepresentations of the other party elects to affirm the contract and seek damages, he is bound by the provisions of the contract and may not recover if any of the contractual provisions preclude him from establishing any of the five essential elements of an action in tort for fraud and deceit.' [Cit.]" *Hannah v. Shauck,* 131 Ga. App. 834, 835 (207 SE2d 239).

One of the essential elements of an action for fraud is "justifiable reliance by the plaintiff." *City Dodge v. Gardner,* 232 Ga. 766, 770, fn. (208 SE2d 794). Having made its election, appellant is bound by the provisions of the contract and cannot allege reliance on any representations made prior to the execution of the contract. See *Collier v. Sinkoe,* 135 Ga. App. 732 (4) (218 SE2d 910).

2. Appellant argues that, even if its claim of reliance on representations made prior to execution of the contract is foreclosed by the language of the contract, there are implied representations in the contract which support its right to maintain this action. That contention is not borne out by our review of the contract.

The contractual provisions relied on by appellant are stipulations that room rentals shall be prorated, that the hotel is to be operated under a different name, and that the furniture and linens are to remain. There was also language identifying the property as the "old Carrollton Hotel . . . presently operated as Jo-Dan Inn. . ." We do not find in that language any representation that the hotel was in compliance with safety codes. The statement that the building was being operated as a hotel by appellees was not a misrepresentation; they were operating the hotel. That the contract may have contemplated the continued operation of the building as a hotel does not amount to a representation of compliance with applicable safety codes.

Whether appellant was misled by false representations or not, it entered into a written contract which did not contain the alleged misrepresentations and

which stipulated that no other representations or inducements were binding. There has been no showing that appellees did anything to prevent appellant from ascertaining the contents of the contract. See *Barfield v. Farkas,* 40 Ga. App. 559 (4) (150 SE 600). " ' "[T]he law . . . demands of everyone that he make use of his own facilities to avoid being defrauded. No other rule could safely be adopted and enforced by the court with reference to written instruments. It is essential to all business relationships that the validity and solemnity of written contracts, freely and voluntarily executed, be upheld." ' " *Worth v. Orkin Exterminating Co.,* 142 Ga. App. 59, 61 (234 SE2d 802).

   *Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 17, 1978 —
REHEARING DENIED MARCH 31, 1978 — CERT APPLIED FOR.

   *Kyle Yancey,* for appellant.
   *E. Carl Prince, Jr.,* for appellees.