59815. ECKERD'S COLUMBIA, INC. v. MOORE.

Banke, Judge.

This appeal is from a jury verdict and judgment for the plaintiff in an action alleging fraud in the loss of five rolls of exposed film.

Upon returning from a European trip, the plaintiff took the film

to the defendant's store and, as she surrendered her film for processing, informed the clerk that the pictures were very precious to her. The clerk responded, "Oh, don't worry, we never lose any film." The receipts for her film had imprinted on them the words, "Responsibility for loss or damages limited to cost of film before exposure." The plaintiff argued that the defendant was guilty of fraud in concealing that her film would not be processed locally but would necessarily be twice entrusted to the "notorious inefficiency and incompetence" of the United States Postal Service. The jury awarded her $10 general damages and $3,500 punitive damages. Defendant enumerates as error, among others, the refusal of the trial court to grant its motions for directed verdict and judgment notwithstanding the verdict. *Held:*

1. "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633) (1975). In the case before us the plaintiff offered no evidence to support a conclusion that the clerk's statement, "we never lose any film," was false or that, if false, the clerk knew it was false. As far as the record in this case is concerned, the plaintiff's may have been the first film the defendant ever lost. Thus, the jury had no basis for finding that the statement was fraudulently made.

2. In addition to the statement of the clerk, discussed above, plaintiff based her claim on the failure of this same employee to disclose to her that the film would be sent away for processing. However, there was no evidence establishing the location where the film was developed. Thus, there was no basis for a conclusion that the film was lost in the mail.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED MAY 7, 1980 — DECIDED
JUNE 17, 1980.

*David L. G. King, Jr.,* for appellant.
*William Carlisle,* for appellee.