60320. CORBETT v. NORTH FLORIDA CLARKLIFT, INC.

SHULMAN, Judge.

Plaintiff-purchaser brought suit against defendant-seller for damages resulting from the destruction by fire of a machine (cable skidder) purchased from defendant. Plaintiff's allegations of breach of contract were premised on certain of defendant's purported oral representations. Plaintiff also sued in tort (fraud), contending that defendant fraudulently induced plaintiff to enter into the contract of purchase through material misrepresentations. From the grant of defendant's motion for summary judgment on the issue of breach of warranty and the grant of defendant's motion for directed verdict on the issue of breach of contract, plaintiff appeals. We affirm.

1. Plaintiff submits that the defendant made certain oral representations of warranty concerning a fire suppression system attached to the cable skidder. The sales contract in issue specifically provided that "No warranty, express or implied, and no representations, promises or statements have been made by SELLER unless ordered hereon in writing, except that if the equipment is new equipment, SELLER (but not SELLER'S assignee) hereby adopts the warranty against defective materials or workmanship as set forth in the manufacturer's current warranty applying to such new equipment. THERE IS NO IMPLIED WARRANTY OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL SELLER BE LIABLE FOR SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES."

"The provisions of the contract met the requirements of Code § 109A-2—316 (3) (a) and no implied warranty arose out of the transaction, either as to merchantability under paragraph (2) of that section, which is expressly subject to paragraph (3), or as to fitness for a particular purpose under Code § 109A-2—315, which latter section is also subject to the exclusions and modifications permissible under Code § 109A-2—316. Therefore, evidence of a contradictory prior or contemporaneous parol agreement is prohibited by Code § 109A-2—202." *Avery v. Aladdin Products Div. &c. Inc.,* 128 Ga. App. 266 (1) (196 SE2d 357). Thus, appellant's assertions of error premised upon his contention of a prior or contemporaneous oral agreement of

warranty are without merit.

2. Moreover, regarding appellant's claim of fraud, in view of the above contractual disclaimer of warranties, appellant is precluded from showing reliance on any representations made before the contract was signed. *Condios, Inc. v. Driver,* 145 Ga. App. 537 (1) (244 SE2d 85).

3. Contrary to appellant's contentions "[t]he order of the court granting a motion for a directed verdict is effective without any assent of the jury." Code Ann. § 81A-150 (a).

4. In view of the above determinations, appellant's assertions of error in regard to the trial court's refusal to submit the issue of attorney fees to the jury are moot.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JULY 10, 1980 — DECIDED SEPTEMBER 10, 1980.

*A. W. Touchton,* for appellant.
*F. Thomas Young,* for appellee.