**John H. GOOBER, Plaintiff,**

v.

**GULF OIL CORPORATION, Defendant.**

**Civ. A. No. CV 282–017.**

United States District Court,
S.D. Georgia,
Brunswick Division.

March 7, 1983.

J. Kenneth Royal, Jesup, Ga., for plaintiff.

Terry L. Readdick, Brunswick, Ga., Keith E. Parks, Houston, Tex., for defendant.

## ORDER

ALAIMO, Chief Judge.

The plaintiff, John H. Goober, has brought this diversity action against the defendant, Gulf Oil Corporation ("Gulf"), to recover damages he suffered as a result of allegedly fraudulent misrepresentations made by Gulf. In particular, he claims that Gulf fraudulently represented that he would be allowed to operate the gas station he leased from Gulf for as long as he desired when, in fact, Gulf only intended to allow him to operate the station for one year. Gulf has moved for a summary judgment on two grounds: (1) that a Mutual Cancellation and Release signed by Goober precludes this action; and, (2) that Goober is unable, as a matter of law, to establish reliance on any misrepresentations and thus is unable to prove fraud. Because the second contention has merit, the Court GRANTS the motion for summary judgment.

## I. FACTS

Although many of the facts in this case are still hotly disputed, the following sequence of events is uncontroverted. In late 1978 or early 1979, M.J. Herrin, an employee of Gulf, approached Goober about the possibility of Goober's leasing and operating the Gulf Oil Station on Highway 301 in Jesup, Georgia. Goober decided to take advantage of this opportunity and on February 1, 1979, signed a one-year agreement to lease and operate the station.

Goober operated the station without incident from February 1 until September 13, 1979. On that date, Herrin returned to the station seeking to cancel the agreement between Goober and Gulf. After a heated discussion, Goober signed a document entitled "Mutual Cancellation and Release," which provided that all agreements between Gulf and Goober were to terminate on November 12, 1979. Before leaving the station, Herrin informed Goober that he had seven days within which to rescind the Mutual Cancellation and Release.

After Herrin left the station, Goober had second thoughts about the cancellation. He decided to rescind the cancellation and instructed his attorney, Ray Gordon, to take appropriate action. Accordingly, Gordon telephoned an agent of Gulf and informed him that Goober did not desire to cancel his lease and operating agreement with Gulf. Gordon, however, never sent any written notice of this decision to Gulf.

Despite the Mutual Cancellation and Release, Goober continued to operate the station as usual for the balance of the lease and operating agreement; i.e., until January 31, 1980. He would have liked to have operated the station beyond January 31, 1980, but Gulf refused to renew the original lease and operating agreement. Goober had received notice of Gulf's intent not to renew the agreement on October 26, 1979.

## II. DISCUSSION OF THE LAW

Gulf contends that it is entitled to summary judgment because the undisputed facts show that Goober will not be able to establish the fourth of the five traditional elements of fraud—reliance by the plaintiff on the defendant's misrepresentations. *Eckerd's Columbia, Inc. v. Moore,* 155 Ga. App. 4, 5, 270 S.E.2d 249 (1980).[1] Gulf argues that the merger clause in the original agreement between Gulf and Goober[2] precludes, as a matter of law, any reliance

1. The other elements of actionable fraud are: " '(1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; ... (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.' " *Eckerd's Columbia, Inc. v. Moore, supra* at 5, 270 S.E.2d 249, quoting *Martin Burks Chevrolet v. McMichen,* 136 Ga.App. 845, 847, 222 S.E.2d 633 (1975).

2. The agreement between Gulf and Goober contains the following merger clause: "The lease contains the entire agreement between the parties relating to the subject matter hereof; and the right of lessor to insist upon strict performance of the terms of the contract shall not be affected by any waiver, forbearance or previous course of dealing."

by Goober on oral representations made by Herrin prior to the signing of the original lease.

The issue of the effect of merger clauses has been extensively litigated in the Georgia courts in recent years. In *City Dodge v. Gardner*, 232 Ga. 766, 208 S.E.2d 794 (1974), the Supreme Court of Georgia declared that in cases where the plaintiff elects to rescind the contract and sue in tort for fraud the merger clause does not preclude, as a matter of law, the plaintiff's reliance on prior oral representations. The court reasoned that rescission voids the contract *ab initio*, which necessarily voids the merger clause included therein.

However, in decisions subsequent to *City Dodge*, the Georgia courts have clearly interpreted the holding in that case to apply *only* if the plaintiff is seeking rescission of the contract as opposed to affirming the contract and suing for damages.

" 'Where one who is induced to contract by the fraudulent misrepresentations of the other party elects to affirm the contract and seek damages, he is bound by the provisions of the contract and may not recover if any of the contractual provisions preclude him from establishing any of the five essential elements on an action in tort for fraud and deceit.' [Cit.]" *Hannah v. Shauck*, 131 Ga.App. 834, 835 (207 S.E.2d 239).

One of the essential elements of an action for fraud is "justifiable reliance by the plaintiff." *City Dodge v. Gardner*, 232 Ga. 766, 770, fn. (208 S.E.2d 794). Having made its election [to affirm the contract], appellant is bound by the provisions of the contract [including the merger clause] and cannot allege reliance on any representations made prior to the execution of the contract. See *Collier v. Sinkoe*, 135 Ga.App. 732(4) (218 S.E.2d 910).

*Condios, Inc. v. Driver*, 145 Ga.App. 537, 538, 244 S.E.2d 85 (1978). Therefore, the question for the Court in this case is whether Goober has elected to rescind the contract, thereby avoiding the effect of the merger clause, or has elected to affirm the contract, including the merger clause.

The undisputed facts show that Goober has in fact affirmed the contract. The lease and operating agreement specified that the agreement was for one year only—February 1, 1979, until January 31, 1980. On October 26, 1979, if not before, Goober received notice that Gulf was not going to renew the agreement. This notice was in direct contradiction of the representations that Herrin allegedly made to Goober, but Goober did not seek to void the contract at that time. Instead, he remained on the premises until the expiration of the lease. In doing so, Goober deliberately accepted the benefits that would accrue to him only if the agreement was in force, and he thereby affirmed the agreement.

Having affirmed the agreement, Goober is bound by all of its provisions, including the merger clause. Since the merger clause states that the written document contains the entire agreement between the parties, Goober cannot, as a matter of law, establish reliance on prior oral representations not included in the writing. See *Spires v. Relco, Inc.*, 165 Ga.App. 4, 299 S.E.2d 58 (1983); *Charter Medical Management Co. v. Ware Manor, Inc.*, 159 Ga.App. 378, 283 S.E.2d 330 (1981); *Condios, Inc. v. Driver, supra.* Accordingly, Gulf is entitled to a judgment as a matter of law on Goober's claim of fraud.

## III.  CONCLUSION

Finding that there exists no issue of fact that Goober affirmed the agreement with Gulf after discovering that Gulf intended not to renew the agreement and that the merger clause in the agreement precludes reliance on prior oral representations, the Court GRANTS Gulf's motion for summary judgment. The Clerk of Court is directed to enter an appropriate judgment.

SO ORDERED, this 7th day of March, 1983.