## 65896. NIXON v. SANDY SPRINGS FITNESS CENTER, INC. et al.

CARLEY, Judge.

In April 1980, appellant-plaintiff signed a contract with European Health Spas, Inc. The terms of that contract allowed plaintiff to use the European Health Spas' facilities for eighteen months. On August 5, 1981, appellant visited appellee-defendant Fitness Center. She entered into a "membership agreement" with appellee wherein appellant agreed to pay a total of $340.00 for the use of all of the American Fitness facilities for twelve months. Appellant alleges that, prior to signing the agreement with appellee, certain representations were made by appellee's employees which induced her into entering into that agreement. Specifically, appellant asserts that she was informed that appellee was "taking over" European Health Spas, Inc., and that, if she signed the membership agreement with appellee, her outstanding balance of approximately $130.00 with European Health Spas, Inc., would be cancelled and she would have full use of all the American Fitness facilities. Instead, although European Health Spas, Inc., was "taken over" by appellee, appellee, in fact, subsequently billed appellant for the balance due on her membership with European Fitness. Appellant thereafter filed suit alleging that appellee, through the misrepresentations made by its agents concerning the cancellation of her outstanding balance owing to European Health Spas, Inc., had perpetrated a fraud. Appellee counterclaimed, alleging that appellant had failed to meet her financial obligation to it and had thereby breached the "membership agreement" with appellee entered into on August 5, 1981. From the grant of appellee's motion for summary judgment as to both appellant's complaint and its counterclaim, appellant brings this appeal.

1. Appellant first contends that the trial court erred in denying her motion for imposition of sanctions against appellee pursuant to OCGA § 9-11-37 (Code Ann. § 81A-137) and in denying her the right to a full and complete discovery.

"This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. [Cits.]" *Retail Credit Co. v. United Family Life Ins. Co.*, 130 Ga. App. 524, 526 (203 SE2d 760) (1974). After a careful review of the entire record, we find no such abuse of discretion in the instant case.

2. Appellant also asserts that summary judgment was improper as genuine issues of material fact remained concerning appellee's fraudulent inducement of appellant's execution of the membership

contract.

It is undisputed that there was no provision in the membership agreement that appellee was to assume responsibility for paying the balance due to European Health Spas, Inc., by appellant, or that the balance due would be cancelled. Furthermore, the membership agreement did contain the following clause: "I understand that the front and back hereof comprise the entire agreement pertaining to membership and no other agreement of any kind, verbal understanding or promise whatsoever will be recognized or be binding upon American Fitness Center."

Appellant had two courses of action available to her upon discovery of the allegedly fraudulent misrepresentation. She "could affirm the contract and sue in contract for breach or [s]he could seek to rescind the contract and sue in tort for alleged fraud and deceit." *City Dodge v. Gardner,* 232 Ga. 766, 768 (208 SE2d 794) (1974). Upon receiving a bill from appellee for the balance due to European Health Spas, Inc., appellant spoke to an employee at appellee's place of business, but did not announce she was rescinding the contract. Also, appellant did not tender back her membership cards and she made no demand for return of the money she paid appellee. In fact, appellant did nothing which was inconsistent with her continued use of appellee's facilities pursuant to the membership agreement until filing the instant suit. Appellant, having taken no action to rescind the contract, has elected to affirm the contract and seek damages. *Condios, Inc. v. Driver,* 145 Ga. App. 537 (1) (244 SE2d 85) (1978). Compare *Reilly v. Mosley,* 165 Ga. App. 479 (1) (301 SE2d 649) (1982). "It is crucial to the resolution of this case to note that appellant elected to affirm rather than to rescind the contract. [Cit.] '[W]here the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentations and his action for fraud must fail. [Cits.]' [Cits.]" *Roth v. Bill Heard Chevrolet,* 166 Ga. App. 583 (305 SE2d 31) (1983).

" 'Where one who is induced to contract by the fraudulent misrepresentations of the other party elects to affirm the contract and seek damages, he is bound by the provisions of the contract and may not recover if any of the contractual provisions preclude him from establishing any of the five essential elements of an action in tort for fraud and deceit.' [Cit.]" *Hannah v. Shauck,* 131 Ga. App. 834, 835 (207 SE2d 239) (1974). "Having made [her] election, appellant is bound by the provisions of the contract and cannot allege reliance on any representations made prior to the execution of the contract. [Cit.]" *Condios, Inc. v. Driver,* supra at 538.

The trial court did not err in granting summary judgment in favor of appellee as to the main action and as to the counterclaim. *Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 1, 1983.

*Clifford H. Hardwick,* for appellant.
*John S. Graettinger, Jr., William F. Clark,* for appellees.