67172. W. LINTON HOWARD, INC. v. GIBBS MACHINERY, INC.

SHULMAN, Presiding Judge.

Plaintiff/appellee Gibbs Machinery, Inc., brought suit against defendant/appellant W. Linton Howard, Inc., claiming that appellant had not paid for a piece of equipment it had purchased from Gibbs. In its answer, appellant averred that it had agreed to purchase the equipment when it was in operable condition and that it had never become so. Appellant also stated in its answer that appellee had breached the implied warranty of fitness for a particular purpose, which breach had resulted in a total failure of consideration. In a counterclaim, appellant sought damages for the losses allegedly suffered by it due to the allegedly defective machinery. This appeal followed the grant of summary judgment in the main action to appellee.

1. Attached to the complaint is the invoice of the sale of the equipment. That invoice, which appellant admits is a true and correct copy of the invoice it received, contains the following statement: "SOLD AS IS, HEREBY EXCLUDED IS ANY WARRANTY FOR MERCHANTABILITY OR ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE." " 'The provisions of the contract met the requirements of [OCGA § 11-2-316 (3) (a) (Code Ann. § 109A-2—316)] and no implied warranty arose out of the transaction, either as to merchantability under paragraph (2) of that section, which is expressly subject to paragraph (3), or as to fitness for a particular purpose under [OCGA § 11-2-314 (Code Ann. § 109A-2—314)], which latter section is also subject to the exclusions and modifications permissible under [OCGA § 11-2-316 (Code Ann. § 109A-2—316)]. Therefore evidence of a contradictory prior or

contemporaneous parol agreement is prohibited by [OCGA § 11-2-202 (Code Ann. § 109A-2—202)].' [Cit.]" *Corbett v. North Fla. Clarklift, Inc.,* 155 Ga. App. 701 (1) (272 SE2d 563). Thus, appellant's contention that appellee breached the sales contract by failing to fulfill the implied warranty of fitness for a particular purpose is without merit, and no genuine issue of material fact remained for consideration by a jury. Id. The case cited by appellant, *H. G. Hastings Co. v. Long & Patrick Nursery,* 166 Ga. App. 228 (303 SE2d 768), is distinguishable in that the sales contract at issue there did not contain an exclusion of the implied warranty of fitness for a particular purpose.

2. Appellant also argues that the trial court erred in rendering a final judgment and ordering execution to issue while the counterclaim remained pending. See *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872 (1) (264 SE2d 489). "[W]e conclude that the trial court did not err procedurally in granting summary judgment to [appellee] on the [contract]. Though the trial court erred in entering a final judgment, thus authorizing the issuance of a fi. fa. prior to the resolution of [appellant's] counterclaim, we view that error to be harmless because of the supersedeas automatically invoked by the timely appeal taken by [appellant]. We can continue that protection by affirming the final order granting . . . summary judgment on the [contract] with direction that the amount of [appellee's] recovery against [appellant] — for which fi. fa. will issue after trial of the counterclaim — be reduced by the amount, if any, that [appellant] may recover on [its] counterclaim." Id., p. 879.

*Judgment affirmed with direction. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*Claude E. Hambrick,* for appellant.
*S. James Tuggle,* for appellee.