68745. JOSEPH CHARLES PARRISH, INC. et al. v. HILL et al.
(325 SE2d 595)

POPE, Judge.

This is an interlocutory appeal from the trial court's denial of appellants' motion for summary judgment. The motion was brought in nine counts and denied in regard to each. On December 31, 1982 the appellees (hereinafter the Hills) purchased a Chrysler New Yorker car from appellants (hereinafter Parrish). The Hills allege that before they purchased the car, appellant Joe O. Parrish told Mr. Hill that the car was his personal demonstrator, and that the car only had 7,000 miles on it. The Hills each testified that at the time each test-drove the car, each observed that the odometer registered some 7,000-odd miles. After the sale, upon receipt of the papers in connection with the tag, the Hills discovered that the car had been purchased in South Carolina in November 1982 by Parrish, and the mileage reported at that time was 14,229. The Hills allege in their complaint that the car was driven 5,000 miles while in Parrish's possession in addition to the 14,229 miles reported to be on the car in November. The suit brought by the Hills alleged fraud, breach of implied warranty of fitness and merchantability, and intentional infliction of emotional distress, and sought punitive damages and attorney fees.

1. In two of the nine counts in the motion for summary judgment, Parrish sought judgment regarding any claim under the Fair Business Practices Act. The Hills stated both in this court and below that no claim was made based upon the Fair Business Practices Act. While all prudent lawyers always act with an abundance of caution, non-issues not presented by the pleadings and disavowed by the adversary are not appropriate subjects for summary adjudication. Should the Hills in this case ever seek to double back and assert such theories, Parrish could then move for summary judgment and would have the additional weapon of the Hills' earlier admission that they made no claim under the Fair Business Practices Act.

2. There is no genuine issue as to any material fact in regard to the Hills' claim for breach of implied warranties of merchantability and fitness and Parrish is entitled to judgment as a matter of law. Although the Hills complain of some problems with the car (minor water leakage in the rear passenger compartment, brakes squealing, vibration when coming to a stop, the body of the car being slightly askance), each testified that the car drove well, looked well, was being used, and had been used regularly. In addition, the invoice of the sale for the car, signed by Mr. Hill, contains the following language: "I accept the above described car in its present condition. . . ." This language clearly signifies that the car was sold "as is" and is effective to exclude any implied warranties. See OCGA §§ 11-2-314 to 11-2-316; *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (5) (290 SE2d 497) (1982); *Hutchinson Homes v. Guerdon Indus.*, 143 Ga. App. 664 (239 SE2d 553) (1977). Therefore, the court erred in not granting partial summary judgment to Parrish in regard to the claim for breach of implied warranties.

3. OCGA § 40-8-5 makes it unlawful to knowingly alter or tamper with the odometer of a motor vehicle to reflect a lower mileage than the motor vehicle has been driven. It is also unlawful under subsection (b) of this statute for any person knowingly to bring into the state a motor vehicle with the odometer so altered as described above. Subsection (c) makes it unlawful for any person knowingly to sell a motor vehicle with the odometer so altered. Subsection (g) (1) reads: "In addition to any other penalty provided by law, any person who, with intent to defraud, violates this Code section shall be liable in an amount equal to the sum of: (A) Three times the amount of actual damages sustained or $1,500.00, whichever is greater; and (B) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees, as determined by the court."

Appellants argue that they are entitled to partial summary judgment on claims based on this statute because Mr. Hill testified that he did not know how the odometer was altered or who did it, and both Joe O. Parrish and Joseph Charles Parrish deny any knowledge of odometer tampering. We cannot agree. There is evidence that at the time the car was purchased by Parrish in South Carolina in November 1982 it had 14,229 miles listed on the certificate of ownership; that at the time it was sold to the Hills, the odometer statement furnished to the Hills after the sale reflected 14,179 miles; and that at the time the Hills test-drove the car, each observed an odometer reading of around 7,000 miles. In addition, there is testimony that Parrish told Mr. Hill that the car only had 7,000 miles on it.

The statute clearly proscribes a certain fraudulent activity, concealing actual mileage of a vehicle. "Fraud may not be presumed but,

being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." OCGA § 23-2-57. There is considerable conflict in the evidence regarding the actual mileage of the car. It is for a jury to determine whether Parrish took any action to alter the odometer or had any knowledge that it had been altered.

We likewise cannot agree with appellants that they are entitled to partial summary judgment as to damages under the statute. Parrish argues that the maximum amount of damages under OCGA § 40-8-5 in this case is $1,500 because the Hills have not proved any actual damages. "In an action for fraud and deceit in the sale and purchase of personal property, where the plaintiff elects to affirm the sale, the measure of damages is the difference between the value of the thing sold at the time of delivery and what would have been its then value if the representation made by the seller had been true. [Cits.]" *Haynes v. Elberton Motors*, 57 Ga. App. 247 (194 SE 884) (1938). In a motion for summary judgment the burden is on the movant to show that there is no issue. Here, Parrish has not shown that the value of the car would be the same regardless of the mileage. Therefore, it remains to be seen whether the Hills' actual damages tripled exceeds $1,500. Therefore, the trial court did not err in refusing to grant summary judgment in regard to claims made under OCGA § 40-8-5.

4. The court did err in not granting partial summary judgment to Parrish on the issue of intentional infliction of emotional distress. "In order to sustain a cause of action, a plaintiff must show that 'defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiffs.' [Cit.]" *East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983). Nothing in the record nor any inference drawn therefrom can support such a cause of action.

5. Finally, Parrish argues that the court erred in denying summary judgment on the issue of fraud. Parrish contends that the Hills cannot sue for fraud in tort because they kept the car and never offered to return it, and thus affirmed the contract. In this he is correct. *Condios, Inc. v. Driver*, 145 Ga. App. 537 (1) (244 SE2d 85) (1978). Parrish also argues that the contract contains a merger clause and that the Hills, having elected to affirm the contract, are bound by its terms and therefore cannot prove an essential element of fraud, reliance on the misrepresentations. We find that the language relied upon by Parrish is effective to preclude the Hills' action. The invoice of sale states in pertinent part: "All cars sold without warranty UNLESS OTHERWISE STATED. All terms and conditions of this sale are covered by this invoice."

" 'It is crucial to the resolution of this case to note that [appellees] elected to affirm rather than to rescind the contract. Where the purchaser affirms a contract which contains a merger or disclaimer

provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentations and his action for fraud must fail.' " (Citations omitted.) *Nixon v. Sandy Springs Fitness Ctr.*, 167 Ga. App. 272, 273 (306 SE2d 362) (1983). Therefore, the trial court erred in not granting appellants' motion for partial summary judgment on the issue of fraud. Of course, it follows from our holding that the action for fraud is barred by appellees' affirmation of the contract that the appellees are likewise barred from seeking punitive damages.

*Judgment affirmed in part; reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1984 —
REHEARING DENIED DECEMBER 17, 1984.

*Francis Houston, Phillip N. Golub*, for appellants.
*C. Deen Strickland, G. Sam Burnette*, for appellees.

ON MOTION FOR REHEARING.

Appellees argue that our decision does not address the issue of whether punitive damages are allowed pursuant to OCGA § 40-8-5. By the plain terms of the statute, such damages are not permitted solely for a violation of the act. Recovery for a violation of the statute is limited to three times actual damages or $1,500 whichever is greater, and reasonable attorney fees in the event of successful action. The case of *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379 (7) (262 SE2d 820) (1979), is inapposite, as it interprets a portion of the Fair Business Practices Act, OCGA § 10-1-399, which specifically provides in subsection (a) for the recovery of exemplary damages. OCGA § 40-8-5 has no such corresponding provision for exemplary damages.