**VIVID INVESTMENTS, INC.,**
**Plaintiff–Appellant,**

v.

**BEST WESTERN INN—FORSYTH, LTD., Edward P. Douglas, CPA, John S. Scatena, Defendants–Third Party Plaintiffs–Appellees,**

**Vijay Patel, Third Party Defendant.**

**No. 92–8510.**

United States Court of Appeals,
Eleventh Circuit.

May 20, 1993.

Rehearing Denied June 25, 1993.

amount of adequate protection provided, $108,- 500.

S. Phillip Brown, Brown, Katz, Flatau and Hasty, R. William Buzzell, II, Loretta L. Pinkston, Buzzell and Pinkston, Macon, GA, for appellant.

Warren C. Grice, Lori Obenauf, Macon, GA, for appellees.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

PER CURIAM:

In this Georgia diversity action arising out of alleged fraud and breach of contract in connection with the sale of a motel, we reverse summary judgment for the defendants because there are genuine issues of material fact. *See* Fed.R.Civ.P. § 56(c). We hold that the plaintiff was not required to elect between a contract and tort claim at this stage of the proceedings, that the merger clause in the contract did not foreclose plaintiff's claim for fraud and deceit, and that there are factual issues that must be resolved on plaintiff's breach of contract claim.

The evidence must be viewed in the light most favorable to the non-moving party. In June 1989 the plaintiff, Vivid Investments, Inc., (Vivid or buyer) purchased a motel known as The Best Western—Forsyth for $2,175,000. The motel was sold to Vivid by a limited partnership known as Best Western—Forsyth, Ltd. The plaintiff has named as defendants the limited partnership along with Edward P. Douglas and John Scatena, general partners of the limited partnership (collectively referred to as Best Western or seller). During negotiations prior to the closing of the sale, the seller furnished certain financial information to the buyer, including a statement of revenues for the years 1985 through 1988, partnership tax returns for 1985 and 1986, and other oral and written statements concerning the revenue, expenses, and cash flow of the motel business. The buyer engaged the services of a real estate appraiser, who, based on the financial information provided by the seller, valued the motel property at $2,200,000 to $2,325,000.

In connection with the purchase of the motel, the buyer assumed several of the sellers' obligations to pay deeds to secure debt existing at the time of the purchase. The buyer also obtained a $250,000 line of credit to make necessary capital expenditures.

Approximately seven months after the sale, Vivid learned that some of the financial information provided by the seller had not been accurate. Vivid asserts that the actual fair market value of the motel at the time of the purchase, which its appraiser would have derived had he been provided accurate financial data, was only $904,745.

Vivid's complaint alleged the elements of a contract action of fraud in the inducement, a tort claim for fraud and deceit, and

a breach of contract claim. On appeal, Vivid successfully argues three grounds for reversal of the summary judgment.

*First,* the district court improperly held that Vivid had no fraud in the inducement claim because it had elected to affirm the contract and seek damages in tort, and was foreclosed from relief by rescission because it did not tender back the property.

■ Georgia law clearly permits a claimant to pursue inconsistent remedies until a verdict is reached. Election of remedies is required only if inconsistent verdicts are rendered, in which case an election is made before a judgment is entered on the verdict. Ga.Code Ann. § 9-2-4 (Michie 1982); *Long v. Marion,* 182 Ga.App. 361, 355 S.E.2d 711, 716 (1987), *aff'd,* 257 Ga. 431, 360 S.E.2d 255 (1987); *Wolfe v. Chrysler Corp.,* 734 F.2d 701, 704-05 (11th Cir.1984). Accordingly, a buyer may plead and offer proof of a cause of action in both tort and contract, postponing the choice between damages and rescission until after a verdict is rendered.

■ Contrary to defendants' argument, Vivid's complaint alleged sufficient facts to state a cause of action for rescission. Although Vivid did not seek rescission in its prayer for relief, it did plead the elements of a contract cause of action for fraud in the inducement. Defendants' responsive pleadings reflect recognition that rescission is a remedy that may be sought by the plaintiff.

Rule 54(c) of the Federal Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Rule 15(b) of the Federal Rules of Civil Procedure states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

■ Where the pleadings allege facts that would support a claim for rescission, it may be granted by the court where both parties present evidence of rescission at trial, even if that remedy is not sought in a claimant's prayer for relief. *Charles Schmitt & Co. v. Barrett,* 670 F.2d 802, 806 (8th Cir.1982) (relying on Rules 15(b) and 54(c)). Vivid's failure to pray for rescission in its complaint does not bar its entitlement to such relief.

■ As a general rule, Georgia law requires a purchaser seeking rescission of a contract on the ground of fraud to "restore or offer to restore the consideration therefore as a condition precedent to bringing the action." *Corbin v. Lee,* 121 Ga.App. 784, 175 S.E.2d 102, 104 (1970). Georgia courts have carved out an exception to this rule, however, for situations in which restoration of the consideration would be unreasonable or impossible. *See Crews v. Cisco Brothers Ford–Mercury, Inc.,* 201 Ga.App. 589, 411 S.E.2d 518 (1991).

A number of Georgia cases have excused the claimant from compliance with the tender requirement. *See, e.g., International Software Solutions, Inc. v. Atlanta Pressure Treated Lumber Co.,* 194 Ga.App. 441, 390 S.E.2d 659, 661 (1990) (tender rule "does not require more than that such restoration be made as is reasonably possible and such as the *merits of the case demand.*") (emphasis in original); *Metter Banking Co. v. Millen Lumber & Supply Co., Inc.,* 191 Ga.App. 634, 382 S.E.2d 624 (1989) (tender not required prior to rescission when the amount received from the contract sought to be rescinded may be less than the amount actually due the party seeking to rescind); *Krawagna v. H & S Liquor, Inc.,* 176 Ga.App. 816, 338 S.E.2d 284 (1985) (tender of sums received from sale of inventory not required where defendant seller held funds of greater amount allegedly owing to purchasers).

Vivid contends that it should not be required to tender the property because that

would be an abandonment of its investment and because the motel is the security for debt owed by Vivid to third parties. At the very least, Vivid has raised factual issues concerning whether requiring tender would be reasonable under the circumstances.

*Second*, the district court held that Best Western was entitled to summary judgment on Vivid's tort claim for fraud and deceit which was based on false financial information furnished to Vivid by the seller before the sale was consummated. Stating that "the representations that purchasers contend were fraudulent are not specifically set forth in the contract," the court found that Vivid was "foreclosed by the unambiguous merger and disclaimer clause from proving reliance on the representations, the fourth necessary element of its cause of action for fraud and deceit." *Vivid Investments, Inc. v. Best Western Inns—Forsyth, Ltd.,* CA 90–371–4–MAC(WDO) at 4.

The relevant clauses contained in the contract provide:

> All warranties, representations, promises, covenants, and agreements specifically set forth in this contract shall survive the closing.
>
> . . . .
>
> This contract contains the entire agreement of the parties hereto and no representations, inducements, promises, or agreements, oral or otherwise, between the parties, not embodied herein, shall be of any force or effect.

The contract also contains, however, the following warranty set forth in paragraph 2(e)(1):

> Seller further warrants that:
>
> (1) Seller has no knowledge of any information or condition which would adversely affect the value of the property or its operations that has not been disclosed to purchaser.

The above warranty provision effectively promises that the seller did not provide any false information about the income of the motel. Reliance on such a promise is not precluded by the merger provisions. The warranty is a part of the agreement of the parties because it is "embodied" within the contract, and it survives the closing because it is "specifically set forth in" the contract.

There are questions of fact as to the effect of the warranty provision on knowledge the seller may have possessed concerning the income of the motel. Proof of reliance on this warranty could satisfy the reliance element necessary to Vivid's tort claim.

*Third,* the trial court implicitly rejected Vivid's breach of contract claim. This claim asserts that the seller breached the warranty provision of the contract by failing to disclose that the operating income statement provided by the seller contained material misrepresentations, and by failing to disclose that revenues were not increasing. Because genuine issues of material fact remain concerning the meaning of this provision and whether it has in fact been breached, summary judgment was not warranted.

Accordingly, we reverse the grant of summary judgment, and remand to the district court.

**REVERSED and REMANDED.**