## 64226. DAVID J. JOSEPH COMPANY v. S & M SCRAP METAL COMPANY, INC.

SHULMAN, Presiding Judge.

Appellee sued appellant to recover unpaid amounts allegedly owing on an account arising from the purchase by appellant of "# 2 steel scrap metal" ("steel contract"). Appellant answered and counterclaimed, alleging that the unpaid amounts on the steel transaction had been set off against damages accruing to appellant as a result of appellee's alleged breach of a contract involving the purchase by appellant from appellee of a large quantity of "#2 bundles scrap metal" ("bundle contract"). The counterclaim sought to recover the excess of damages accruing from appellee's alleged breach of the bundle contract after setoff of the sum owed by appellant to appellee on the steel contract. The case was tried before a jury, which returned a verdict in favor of appellee on the main claim and against appellant on its counterclaim. This appeal primarily challenges the trial court's construction of several provisions of the Uniform Commercial Code (Code Ann. § 109A-1—101 et seq.) as they relate to the counterclaim.

The transaction upon which the counterclaim is based is memorialized by a document entitled "Purchase Confirmation." The Purchase Confirmation provided for the sale by appellee to appellant of "60 carloads (estimated 2700 gross tons)" of "#2 bundles scrap iron for remelting and recycling." The Purchase Confirmation also specified price and delivery information. The back of the Purchase Confirmation contained the following provision: "This confirmation constitutes the entire contract between the parties. Receipt of this confirmation by seller shall be deemed to be an acceptance by seller of the terms and conditions of this contract regardless of whether or not the seller has acknowledged this confirmation. Any additional or inconsistent terms or conditions are not binding on [appellant] unless agreed to in writing by [appellant]." Appellee, through the testimony at trial of its principal officer, admitted receipt of this document and admitted that it made no response or objection to it or to any of its terms.

Appellee subsequently commenced performance of the bundle contract but ceased shipments of the material after shipping 33 or 34 carloads representing approximately 1,305 tons of scrap metal. Appellant subsequently filled the deficiency not supplied by appellee from other suppliers at a price allegedly higher than that provided in the agreement with appellee.

Appellant informed appellee that it considered appellee's failure to ship the quantity of bundles provided in the Purchase

Confirmation to be a breach of that agreement and that it would hold appellee responsible for damages resulting from the increase in the market price of scrap metal over the contract price. Appellant set off the amount owed to appellee under the steel contract and counterclaimed for the balance. Appellee denied liability to appellant under the bundle contract on the ground that the quantity stated in the Purchase Confirmation did not reflect the oral agreement reached prior to the receipt of that document by appellee. Appellee offered testimony, over objection by appellant, that the agreement was for the purchase of a "pile" of bundles with no specified quantity. The trial court denied appellant's motion in limine to exclude such testimony and also overruled appellant's objections to that testimony. The trial court also denied appellant's motion for directed verdict on the issue of appellee's liability for breach of the bundle contract.

1. The undisputed facts of this case establish that appellant forwarded the Purchase Confirmation to appellee and that appellee received it. Appellee did not object or otherwise respond to any provision contained in the document. The document clearly and unambiguously provided the quantity of goods to be sold under the contract and contained a typical merger clause. Both appellee, a dealer of scrap metal, and appellant, a broker of scrap metal, are "merchants" as defined in Code Ann. § 109A-2—104 (1). Appellee's only asserted defense to the purchase confirmation is that the quantity term does not comport with the parties' prior oral agreement. The contract involved the sale of goods in excess of $500 and was therefore subject to Code Ann. § 109A-2—201 (1).

Code Ann. § 109A-2—201 (2) provides: "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of [§ 109A-2—201 (1)] against such party unless written notice of objection to its contents is given within 10 days after it is received." Code Ann. § 109A-2—201 (1) provides that "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties . . . A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." Code Ann. § 109A-2—202 provides in part that "[t]erms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein

may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement . . ."

Clearly, the Purchase Confirmation falls within the scope of Code Ann. § 109A-2—201 (2), since it contains the essential elements necessary to constitute a written contract between the parties and is "sufficient against the sender," as it bears appellant's name and address and is signed by appellant. *Jem Patents, Inc. v. Frost,* 147 Ga. App. 839 (250 SE2d 547). The undisputed facts adduced at trial showed that appellee received the Purchase Confirmation, had reason to know its contents, and did not object to its terms and provisions. Consequently, the terms of the Purchase Confirmation are binding on appellee and may not be contradicted by prior or contemporaneous parol evidence. Code Ann. § 109A-2—202.

Appellee argues that the Purchase Confirmation was not intended to be a final expression of the bundle agreement. However, we note that the document expressly provides that it is the entire agreement between the parties. The clear purpose of § 109A-2—201 (2) is to make writings signed by only one party enforceable if the contract is between merchants and no objection to the writing is made within 10 days of receipt. Appellee's position that the Purchase Confirmation was not intended to be the final expression of the parties' agreement directly contradicts the document's express terms, which were not objected to within 10 days of receipt. See Southern Concrete Services v. Mableton Contractors, 407 FSupp. 581, 586 (N. D. Ga. 1975), affd. 569 F2d 1154 (5th Cir. 1978).

We find no evidence in the record that would support the contention that the question of liability on appellant's counterclaim is not governed by Code Ann. §§ 109A-2—201 and 202. Appellee admitted that it shipped only about one-half of the quantity of bundles specified in the Purchase Confirmation. Consequently, appellee breached that agreement and the trial court should have directed a verdict in favor of appellant on the threshold question of appellee's liability on the counterclaim.

2. In view of our disposition of appellant's third enumeration of error, enumerations 1, 2, and 4 through 9 are moot. Enumeration 10 alleges that the trial court erred in entering judgment in favor of appellee in the amount of $14,199.20. Appellant does not challenge appellee's claim in that amount for unpaid deliveries on the steel contract, and the verdict on appellee's claim is supported by the evidence. Appellant does, however, correctly assert that any judgment should set off against that amount any damages accruing to it as a result of appellee's breach of the bundle contract. Code Ann. §§ 20-1302 and 81A-113. The jury verdict, therefore, will be affirmed to the extent it awards plaintiff $14,199.20 on the steel contract, but the

688

judgment must be reversed as it does not account for the setoff, if any, to which appellant is entitled. Consequently, the case is remanded for a determination of appellant's damages, if any, as a result of appellee's breach of the bundle contract.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Quillian, C. J., and Carley, J., concur.*

Decided September 17, 1982 —
Rehearing denied October 4, 1982 —

*Judson Graves, John I. Spangler III,* for appellant.
*David J. Kelley,* for appellee.