## 69948. HARRIS et al. v. SULCUS COMPUTER CORPORATION.
(332 SE2d 660)

SOGNIER, Judge.

Sulcus Computer Corporation (Sulcus) brought this action against Gary and Teresa Harris as guarantors of the debts of Compu/Close Corporation (Compu/Close). The Harrises appeal from the trial court's denial of their motion for partial summary judgment and the grant of Sulcus' motion for partial summary judgment dismissing Count 1 of the Harris' counterclaim.

Compu/Close was organized by appellants for the purpose of selling appellee's computer products. After appellants completed and executed a credit application form and guarantee agreement provided by appellee, appellee and Compu/Close entered into a distributorship agreement. Appellee instituted this action after Compu/Close failed to pay for products purchased under that agreement.

1. Appellants contend the trial court erred by denying their motion for partial summary judgment. Appellants argue that because the guarantee agreement refers to their guarantee of the debts of Compu/Close to "Sulcus, Inc." rather than to appellees' corporate name, Sulcus Computer Corporation, appellee lacks standing to bring this action. Appellants further argue that the trial court erroneously considered affidavit testimony submitted by appellee explaining that the use of "Sulcus, Inc." rather than "Sulcus Computer Corporation" on the guarantee agreement was a typographical error.

"[A] mere 'misnomer of a corporation in a written instrument . . . is not material or vital in its consequences, *if the identity of the corporation intended is clear or can be ascertained by proof.*' [Cits.] 'A corporate name usually consists of several words, and an omission . . . of one or more is not so likely to confuse and mislead, or to hide the identity of the entity intended, as would be the case as to natural persons. The important thing is to determine what corporation the parties intended, for it is the intent of the parties that controls. Error in the use of the corporate name will not be permitted to frustrate the intent which the name was meant to convey, and to find out the identity of the corporation intended, resort may be had to evidence aliunde.' [Cits.]" *Hawkins v. Turner*, 166 Ga. App. 50, 51-52 (1) (303 SE2d 164) (1983).

The guarantee agreement is on the reverse side of the credit application form completed by appellants, which form bears appellee's correct name, Sulcus Computer Corporation. It appears from the record that both the credit application and guarantee agreement were executed in contemplation of the distributorship agreement between appellee and Compu/Close and that appellants were aware that their guarantee covered the debts of Compu/Close to appellee. On motion for summary judgment, all inferences must be construed favorably to

appellee as the nonmovant for summary judgment. Id. at 52. At the very least, there is a question of fact as to whether appellee was the intended party to the guarantee agreement. Therefore, the trial court did not err by failing to grant summary judgment on this issue. Id.

2. Appellants contend that appellee is barred from bringing this action because the name "Sulcus, Inc." has not been registered under Pennsylvania's Fictitious Names Act (54 Pa. CSA § 301 et seq.). The guarantee agreement provides that it shall be construed under Pennsylvania law and appellants have properly invoked the question of the applicability of Pennsylvania's Fictitious Names Act pursuant to OCGA § 9-11-43. However, that act applies to entities "doing business" in a fictitious name. Appellee was not "doing business" as "Sulcus, Inc." and the Fictitious Names Act is therefore inapplicable. See generally *Weig & Co. v. Bold Baking Corp.*, 97 Pittsburgh Legal Journal 329 (1949). Moreover, even if the act did apply, appellants could not avoid liability for appellee's failure to register the name "Sulcus, Inc." The act specifically provides: "The failure of an entity to register a fictitious name as required by this chapter shall not impair the validity of any contract or act of such entity." 54 Pa. C.S.A. § 331 (a). " 'The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name, and to definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations. . . .' " *Ross v. McMillan*, 93 A2d 874, 875 (172 Pa. Super. 298) (1953). Therefore, we find no merit in this enumeration.

3. Appellants contend the trial court erred by granting appellee's motion for partial summary judgment as to Count 1 of appellants' counterclaim. That count alleged a breach of an implied warranty of merchantability of computer products purchased from appellee by Compu/Close. Appellants assert that they are the assignees from Compu/Close of this cause of action. Appellants argue that appellee's limitation of warranty in the sale to Compu/Close of its products is invalid under the provisions of OCGA §§ 11-1-201 (10) and 11-2-316 (2).

"[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous. . . ." OCGA § 11-2-316 (2). "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals . . . is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. . . . Whether a term or clause is 'conspicuous' or not is for decision by the court." OCGA § 11-1-201 (10).

The back of the sales order for the computer products sold by appellee to Compu/Close contains various terms and conditions of the sale and includes a disclaimer of limitations of warranty and liability. The disclaimer specifically states that appellee "makes NO WARRANTY EXPRESSED OR IMPLIED with respect to this software the related hardware and any other related items their quality performance merchantability or fitness for any particular use."

The heading of this disclaimer is in letters larger than any other type on the form. In addition, significant portions of the disclaimer are capitalized, distinguishing them from other language on the form. This language was conspicuously set forth. See *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 461 (1d) (288 SE2d 711) (1982). Appellee's limitation of the warranty of merchantability meets the requirements of OCGA § 11-2-316 (2), and there is no question of fact that appellee's limitation of liability effectively precluded a claim for breach of an implied warranty of merchantability. Id. Therefore, the trial court correctly granted partial summary judgment as to Count 1 of appellants' counterclaim and we need not address appellants' additional arguments regarding this enumeration.

4. We find no merit in appellants' contention that the trial court erred by failing to identify which portions of certain affidavits submitted by appellee were stricken pursuant to appellants' Motion to Strike. The court in its order on appellants' motion stated: "The Court has reviewed the affidavits and considered only those averments which are properly admissible as evidence in this matter." We presume the trial court considered only admissible evidence, see *In the Interest of M. A. C.*, 244 Ga. 645, 655 (4) (261 SE2d 590) (1979), and, because the trial court's rulings on appeal were proper for the reasons set forth in Divisions 1-3 above, we affirm. See generally *Miller Grading &c. v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1985 —
REHEARING DENIED JUNE 13, 1985 — ▮▮▮▮▮▮▮▮▮

*Robert P. Wilson, W. John Wilson*, for appellants.
*Philip S. Coe*, for appellee.