184 Ga. App. 635 (1987)
362 S.E.2d 441
LELAND INDUSTRIES, INC.
v.
SUNTEK INDUSTRIES, INC.
74598.
Court of Appeals of Georgia.
Decided October 23, 1987.
J. Lane Bearden, for appellant.
Ronald S. Iddins, for appellee.
CARLEY, Judge.
Appellant-defendant, a carpet manufacturer, purchased a large quantity of carpet yarn from appellee-plaintiff, a producer of such yarns. Appellant made partial payment of the purchase price. However, after receiving numerous customer complaints concerning the quality of the carpet produced from the yarns, appellant refused to pay appellee the outstanding balance. Appellee filed suit against appellant seeking payment of the outstanding indebtedness plus interest and costs of collection. Appellant filed a counterclaim, alleging that appellee's yarns were defective and seeking damages for breach of implied warranties.
In the pre-trial order, appellant "admit[ted] a prima facie case on behalf of [appellee] and [appellant] accept[ed] the burden of going forward with the evidence to establish the alleged set-off." In that procedural posture, the case was apparently submitted for a bench trial on stipulated evidence. The trial court found that all implied warranties as to the carpet yarns had effectively been disclaimed and granted judgment in favor of appellee on a motion made pursuant to OCGA § 9-11-41 (b). Appellant appeals from the judgment entered by *636 the trial court.
1. Appellant enumerates as error the judgment entered in favor of appellee, contending that the trial court incorrectly held that the implied warranties as to the yarn had been effectively disclaimed. Appellee asserts and the trial court found that the implied warranties had been disclaimed by language appearing on the face and reverse side of certain "Sales Confirmation" slips. On the face of these slips, the following appeared: "THIS CONFIRMATION IS GIVEN SUBJECT TO ALL OF THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDES HEREOF, including the provisions for ... exclusion of warranties.... " On the reverse side were numerous paragraphs setting forth the terms and conditions of the contract. Each of the paragraphs contained a specific heading in capital letters, followed by type-written language. Paragraph 4, which was of the same type and color as all the other paragraphs, provided: "WARRANTIES: Except as expressly stated on the face hereof, Seller makes no warranty express or implied, including without limitation as to: (a) fitness of the yarn purchased hereunder for any specific purpose or end use; (b) fastness of color or uniformity of shade from lot to lot; (c) breaking strength; (d) shrinkage; (e) yield; (f) absence of minor contamination; (g) physical or chemical qualities; and (h) usual or ordinary variation in thickness, size, or TPI of yarns. Seller shall not be liable for normal manufacturing defects nor for customary variations from specifications. Any yarns made in part or wholly of manmade fibers is sold subject to the inherent imperfections in such manmade fibers, including without limitations its potential for pilling or causing pilling."
In the context of a sale which otherwise comes within the provisions of OCGA §§ 11-2-314 and 11-2-315, implied warranties of merchantability and of fitness for a particular purpose arise by operation of law. See Chrysler Corp. v. Wilson Plumbing Co., 132 Ga. App. 435, 437 (1) (208 SE2d 321) (1974). These implied warranties can, however, be disclaimed. OCGA § 11-2-316 (2) provides: "Subject to subsection (3) of this Code section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that `There are no warranties which extend beyond the description on the face hereof.'"
Under OCGA § 11-2-316 (2), the writing relied upon by appellee would, regardless of its "conspicuousness," be ineffective to disclaim the implied warranty of merchantability because that writing nowhere specifically mentions "merchantability." It follows that the trial court *637 erred insofar as it found that the implied warranty of merchantability as to the carpet yarn had been effectively disclaimed pursuant to OCGA § 11-2-316 (2). However, appellee's writing would, if "conspicuous," be an effective disclaimer of the implied warranty of fitness pursuant to OCGA § 11-2-316 (2). The writing provides that there are no warranties "[e]xcept as expressly stated on the face hereof...." Accordingly, resolution of whether appellee's writing constitutes an effective disclaimer of the implied warranty of fitness pursuant to OCGA § 11-2-316 (2) is dependent upon whether that writing is "conspicuous."
OCGA § 11-1-201 (10) provides, in relevant part, as follows: "`Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals ... is conspicuous. Language in the body of a form is `conspicuous' if it is in larger or other contrasting type or color.... Whether a term or clause is `conspicuous' or not is for decision by the court." In appellee's writing, the actual warranty disclaimer language itself was non-conspicuous. That disclaimer language was in exactly the same size and color type as the remainder of the contract. All that was conspicuous was certain introductory language, none of which actually related to warranty disclaimers. The conspicuous introductory language only provided: "THIS CONFIRMATION IS GIVEN SUBJECT TO ALL OF THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDES HEREOF ..."; and, on the reverse side, "WARRANTIES: .... " OCGA § 11-2-316 (2) requires that the actual warranty disclaimer language itself be conspicuous. That requirement is not satisfied if the disclaimer provision contains only general introductory language which is conspicuous. "Several sellers have attempted to satisfy the conspicuousness requirement by printing only the heading of the combined express warranty and disclaimer clause in capital letters. When these headings have usually failed to disclose the true nature of the clause, the courts have denied effect to the disclaimer.... [If] the disclaimer [is] contained in a paragraph headed in capital letters as `WARRANTY and AGREEMENT' ... [and] the disclaimer language itself [is] printed in the same type size and face as the rest of the contract[,]" there is no effective disclaimer under OCGA § 11-2-316 (2). White & Summers, Handbook of the Law Under the Uniform Commercial Code, § 12-5, p. 443 (1980). It follows that the trial court erred in finding that there was a conspicuous and therefore effective disclaimer of the implied warranty of fitness pursuant to OCGA § 11-2-316 (2). Compare Harris v. Sulcus Computer Corp., 175 Ga. App. 140, 141 (3) (332 SE2d 660) (1985).
2. Both the implied warranties of merchantability and of fitness may also be disclaimed in writing pursuant to OCGA § 11-2-316 (3) *638 (a), which provides: "Notwithstanding subsection (2) of this Code section: Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like `as is,' `with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty...." Appellee urges that its extensive and specific disclaimer provision constitutes "other language" under OCGA § 11-2-316 (3) (a), calling appellant's attention to the exclusion of the implied warranties.
There is considerable doubt whether the "other language" referred to in OCGA § 11-2-316 (3) (a) incorporates the concept of a specific disclaimer provision. Arguably, the ambit of OCGA § 11-2-316 (3) (a) should be construed as limited merely to such other implied words of warranty disclaimer as are synonymous with "as is" or "with all faults," whereas specific disclaimer provisions must comply with the requirements of OCGA § 11-2-316 (2). However, even assuming the applicability of OCGA § 11-2-316 (3) (a) to appellee's specific disclaimer provision, that writing is nevertheless an ineffective disclaimer. Although, by its terms, OCGA § 11-2-316 (3) (a) does not explicitly require that the "other language" be conspicuous, it has been interpreted as implicitly imposing such a requirement. "To hold that the [`other] language['] need not be conspicuous would allow the implied warranties of fitness and merchantability to be annulled by implication by language less conspicuous than if they were directly eliminated, in which case the effort to eliminate them would have failed. [Cit.] The requirement that disclaimer terms must be conspicuous to be effective follows the main current of interpretation of [OCGA § 11-2-316 (3) (a)]. [Cits.]" White v. First Fed. Sav. &c. Assn. of Atlanta, 158 Ga. App. 373-374 (1) (280 SE2d 398) (1981). As has been discussed in Division 1, the actual disclaimer language in appellee's writing is not conspicuous. It follows that, even assuming that the specific but non-conspicuous disclaimer language under consideration would qualify as "other language" within the meaning of OCGA § 11-2-316 (3) (a), the trial court erred in finding that it was effective to disclaim the implied warranties as to the carpet yarn.
3. The disclaimer language contained in appellee's writing "is written in the same size and color type as all the other paragraphs of the `conditions' on the back of the form. Therefore, while this was sufficient to exclude any express warranties on the part of [appellee], it fails completely to comply with [OCGA § 11-2-316] for excluding the warranties implied by law in [OCGA §§ 11-2-314 and 11-2-315]." Chrysler Corp. v. Wilson Plumbing Co., supra at 439 (2). The trial court erred in finding that appellee had effectively disclaimed any implied warranties which arose by operation of law as the result of its sale of the yarn to appellant and in entering judgment in favor of *639 appellee on that basis.
Judgment reversed. Banke, P. J., and Benham, J., concur.