76766, 76767. APEX SUPPLY COMPANY, INC. et al.
v. BENBOW INDUSTRIES, INC. et al.; and vice versa.
(376 SE2d 694)

CARLEY, Judge.

Benbow Industries, Inc. (Benbow) contracted to construct a greenhouse for Manalpan Investment Company (Manalpan). When Manalpan failed to pay the outstanding balance allegedly due under the contract, Benbow brought suit. Manalpan answered, denying the material allegations of the complaint. Manalpan also counterclaimed for damages allegedly caused by Benbow's use of defective piping in

the construction of the greenhouse.

As a result of Manalpan's counterclaim, Benbow filed a third-party action against the wholesaler of the piping, Apex Supply Co., Inc. (Apex), alleging a breach of implied warranties. Apex, in turn, filed a fourth-party indemnification action against the distributor of the piping, Cambridge-Lee Industries, Inc. (C-LI).

The main action was settled and the case was tried only as to Manalpan's counterclaim against Benbow, Benbow's third-party claim against Apex, and Apex's fourth-party claim against C-LI. At the close of all the evidence, both Apex and C-LI moved for a directed verdict, urging that implied warranties had been effectively disclaimed by language which appeared on the face of Apex's sales invoices to Benbow. In the alternative, Apex and C-LI moved for a partial directed verdict, urging that, if implied warranties had not been effectively disclaimed, then other language which appeared on the face of the sales invoices did effectively limit Benbow's remedy for breach of warranties to the refund of the purchase price or the replacement of the goods. The trial court denied Apex and C-LI's motions for a directed verdict or, in the alternative, for a partial directed verdict. The jury returned a verdict in favor of Manalpan and against Benbow on the counterclaim. A verdict in favor of Benbow and against Apex was returned in the third-party action. A verdict in favor of Apex and against C-LI was returned in the fourth-party action. The trial court entered judgments on the jury's verdicts.

Both Apex and C-LI moved for judgment notwithstanding the verdicts. The trial court denied the motions insofar as they sought total relief from the judgments entered on the jury's verdicts, holding that the relevant language which appeared on the sales invoices was not conspicuous, and thus did not constitute an effective disclaimer of implied warranties. The trial court granted the motions, however, insofar as they sought to limit Benbow's recovery against Apex and Apex's recovery against C-LI to the purchase price of the piping, holding that other language which appeared in the sales invoices did constitute an effective preclusion to Benbow's recovery of incidental and consequential damages. In accordance with this ruling, the trial court ordered stricken from the judgments entered against Apex and against C-LI an amount representing the award of consequential and incidental damages. In Case No. 76766, Apex and C-LI appeal from the trial court's partial denial of their motions for judgment notwithstanding the verdicts. In Case No. 76767, Benbow appeals from the trial court's partial grant of Apex's and C-LI's motions for judgment notwithstanding the verdicts. These appeals are hereby consolidated for disposition in this single opinion.

## Case No. 76767

1. Benbow enumerates as error the trial court's partial grant of Apex's and C-LI's motions for judgment notwithstanding the verdicts, urging that the trial court incorrectly held that the limitation of remedies language which appeared on the face of the sales invoices precluded a recovery of incidental and consequential damages. Benbow does not contend that the relevant language itself is not legally sufficient to preclude its recovery of incidental and consequential damages. Benbow urges only that, in order for that limitation of remedies language to be legally effective, it must also be conspicuous.

OCGA § 11-2-719 (1) (a) (3) provides, in pertinent part, that "[t]he agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as *by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts. . . .* Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not." (Emphasis supplied.) By its terms, OCGA § 11-2-719 does not explicitly require that, to be effective, a limitation of remedies provision must be conspicuous. Benbow urges, however, that OCGA § 11-2-719 should be interpreted as implicitly imposing such a requirement, just as OCGA § 11-2-316 (3) (a) implicitly requires that a disclaimer of warranties be conspicuous. See *Leland Indus. v. Suntek Indus.*, 184 Ga. App. 635, 637 (2) (362 SE2d 441) (1987).

There is a fundamental difference between the legal effect of a *total disclaimer* of the existence of any implied warranties and the legal effect of a *mere limitation* on the available remedies for the breach of implied warranties. A disclaimer is more comprehensive in its legal effect. It leaves the buyer with no remedy for breach of implied warranties, there being no implied warranties for the seller to breach. A limitation of remedies is less comprehensive in its legal effect. The seller's implied warranties remain in effect but, if breached, the buyer's recovery is circumscribed. The legislature has addressed the disclaimer of warranties and the limitation of remedies in entirely separate code sections. OCGA § 11-2-316 controls as to the disclaimer of implied warranties. For the more comprehensive legal effect of a seller's disclaimer of all implied warranties to be effective against a buyer, OCGA § 11-2-316 imposes a requirement of "conspicuousness," either explicitly or by necessary implication. See *Leland Indus. v. Suntek Indus.*, supra. Subsection (4) of OCGA § 11-2-316 specifically provides, however, that *"[r]emedies for breach of warranty can be limited in accordance with* the provisions of this article on liquida-

tion or limitation of damages and on contractual modification of remedy (Code Sections 11-2-718 and *11-2-719*)." (Emphasis supplied.) Clearly, the legislative intent is that the provisions of OCGA § 11-2-316 have no bearing on the seller's ability to achieve the less comprehensive legal effect of limiting the remedies which are available to the buyer for breach of implied warranties. It is the separate provisions of OCGA §§ 11-2-718 or 11-2-719 which govern the limitations of remedies. The provisions of OCGA § 11-2-719 are at issue in the present case. Unlike OCGA § 11-2-316, OCGA § 11-2-719 does not impose a "conspicuousness" requirement, either explicitly or by implication. OCGA § 11-2-719 "does not require that a limitation of remedy be conspicuous, and in determining the validity of a limitation under [that statute], 'conspicuousness is irrelevant.'" 5 Anderson, UCC § 2-719:20 (3d ed. 1984). See also Anno., 73 ALR3d 248, § 4 [d], p. 269 (1976).

*Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113 (363 SE2d 312) (1987) and *A-larms, Inc. v. Alarms Device Mfg. Co.*, 165 Ga. App. 382 (300 SE2d 311) (1983) do not compel a contrary holding. The issue of whether there is an implicit "conspicuousness" requirement in OCGA § 11-2-719 was not addressed in either case. When this court noted in both decisions that the limitation of remedies language which was under consideration was conspicuous, it was merely commenting on the particular facts of the case, and was not holding that "conspicuousness" is a requirement under OCGA § 11-2-719. The limitation of remedies language at issue in the present case may or may not be as conspicuous as the limitation of remedies language which was at issue in *Fiat Auto U. S. A.*, supra, or in *A-larms, Inc.*, supra. Whether that limitation of remedies language is or is not conspicuous is, however, ultimately irrelevant to its legal effect. It is the mere existence of the limitation of remedies language, without regard to its "conspicuousness," which is controlling. Accordingly, the trial court was correct in its partial grant of Apex's and C-LI's motions for judgment notwithstanding the verdicts.

## Case No. 76766

2. Apex and C-LI enumerate as error the denial of their motions for judgment notwithstanding the verdicts, urging that the trial court incorrectly held that the implied warranties had not been effectively disclaimed.

On the face of the sales invoices, in bold face type and capital letters, the following language appeared: "ALL WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THOSE OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY EXCLUDED." The issue to be resolved

is whether this language was conspicuous. "In the context of a sale which otherwise comes within the provisions of OCGA §§ 11-2-314 and 11-2-315, implied warranties of merchantability and of fitness for a particular purpose arise by operation of law. [Cit.] These implied warranties can, however, be disclaimed. OCGA § 11-2-316 (2) provides: 'Subject to subsection (3) of this Code section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous. . . .'" *Leland Indus. v. Suntek Indus.*, supra at 636.

OCGA § 11-1-201 (10) provides, in pertinent part, that "[a] term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. . . . Language in the body of a form is 'conspicuous' if it is in larger *or* other contrasting type *or* color." (Emphasis supplied.) Here, the entirety of the disclaimer language appeared in capital letters, in a separate paragraph on the front of the invoice, and in a type style which was otherwise employed on the form only with regard to the limitation of remedies language. See generally *Harris v. Sulcus Computer Corp.*, 175 Ga. App. 140, 142 (332 SE2d 660) (1985); *W. Linton Howard, Inc. v. Gibbs Machinery*, 169 Ga. App. 627 (1) (314 SE2d 259) (1984). Compare *Leland Indus. v. Suntek Indus.*, supra at 636 (1). The disclaimer language was not in contrasting color but, as OCGA § 11-1-201 (10) provides, contrasting color is but one alternative method by which language in the body of a form can be made "conspicuous." That the limitation of remedies language, which was not required to be conspicuous, appeared in the immediately preceding paragraph and was also printed in capital letters and in the same type style does not serve to render the disclaimer language any less conspicuous. See generally *Corbett v. North Fla. Clarklift*, 155 Ga. App. 701 (1) (272 SE2d 563) (1980). It follows that the trial court erred in finding that the disclaimer language did not meet the "conspicuousness" requirement of OCGA § 11-2-316 (2), and that it erred in denying Apex's and C-LI's motions for judgment notwithstanding the verdicts.

3. All remaining enumerations are moot as a result of our holding in Division 2.

4. Nothing in this consolidated appeal affects the judgment that was entered against Benbow on Manalpan's counterclaim. Our holdings relate only to the judgment that was entered against Apex on Benbow's third-party action and to the judgment that was entered against C-LI on Apex's fourth-party action. For the reasons discussed, the trial court erred insofar as it only partially granted Apex's and C-LI's motions for judgment notwithstanding the verdicts returned on the third and fourth-party claims.

*Judgment reversed in Case No. 76766. Judgment affirmed in Case No. 76767. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1988 —
REHEARING DENIED DECEMBER 12, 1988 — 

*Malcolm P. Smith, Charles L. Barrett III,* for appellants (case no. 76766).

*Awtry & Parker, Dana L. Jackel, Barbara H. Martin,* for appellees.

*Awtry & Parker, Dana L. Jackel, Barbara H. Martin,* for appellants (case no. 76767).

*Edwards, Friedewald & Grayson, James W. Friedewald,* for appellees.