## A95A2368. TOPEKA MACHINERY EXCHANGE, INC.
## v. STOLER INDUSTRIES, INC.
### (470 SE2d 250)

BIRDSONG, Presiding Judge.

Topeka Machinery Exchange, Inc., appeals the judgment, based upon a jury verdict, in favor of defendant Stoler Industries, Inc., on Topeka Machinery's claims against Stoler Industries and for $22,000 on Stoler Industries' counterclaim against Topeka Machinery. The claims arose from the sale of equipment that was to be installed in Stoler Industries' plant. These claims were tried jointly with the claims of Avtech Engineering, Inc., against Stoler Industries because the plaintiffs' claims arose from the same transaction, i.e., Avtech Engineering installed the equipment that Topeka Machinery sold. Ultimately, the jury returned a defense verdict on Topeka Machinery's claims and a verdict in favor of Avtech Engineering on its claims. Subsequently, however, the trial court granted a new trial in the Avtech Engineering case.

Topeka Machinery contends the trial court erred by excluding evidence concerning the usage of the trade that limited the warranties given; by prohibiting the admission of evidence that Topeka Machinery offered a full refund and invoked its rights to repair the equipment; by admitting, allegedly without proper foundation, Stoler Industries' collective exhibit of 71 pages of bills, invoices, and other documents; by admitting opinion evidence regarding the value of the mill; and by denying Topeka Machinery's motion for a new trial. The warranty in question stated that "Topeka Machinery Exchange will warrant the mill, drive, and motor for six months after delivery, or 60 days after start up." *Held*:

1. Topeka Machinery's first enumeration alleges the trial court abused its discretion by excluding evidence that usage in the trade limited the warranties given in this case to providing parts and labor to bring the item to satisfactory standards of performance and, if this was unsuccessful, to take back the item and refund the purchase price. The trial court excluded this evidence because it believed that under OCGA § 11-2-719 any modification or restitution on the remedy available for a breach of warranty must be in writing. We disagree. Under OCGA § 11-2-202 (a), Topeka Machinery could explain or supplement the warranty by parol evidence showing the usage of the trade (OCGA § 11-1-205 (2)). We find that the evidence which was excluded was therefore admissible. OCGA § 11-2-316 (3) (c). *Apex Supply Co. v. Benbow Indus.*, 189 Ga. App. 598, 600 (376 SE2d 694). Accordingly, we find that the trial court erred by excluding this evidence; as we cannot say this error was harmless, the judgment must be reversed.

2. Because the evidentiary issues raised in the appeal may occur

at retrial, we will address them here in the context of judicial economy.

(a) As the evidence regarding a refund and repair, which Topeka Machinery wished to introduce, was contained in an offer of compromise, the trial court did not abuse its discretion by excluding this evidence. OCGA § 24-3-37; *Gibson v. Talley*, 162 Ga. App. 303 (291 SE2d 72).

(b) Topeka Machinery also alleges the trial court erred by admitting a collective exhibit of 71 pages of bills, invoices, and other documents because a proper foundation was not laid. As this is in essence a contention that Stoler Industries did not show the evidence was relevant and issues concerning the relevancy of evidence are also committed to the discretion of the trial judge, we find no error. *American Assn. of Cab Cos. v. Egeh*, 205 Ga. App. 228, 229 (421 SE2d 741); *Sleeth v. State*, 197 Ga. App. 349 (3) (398 SE2d 298). The documents in question were sufficiently connected to the expenses incurred to repair and remedy the equipment at issue. Nevertheless, we perceive no utility in making the jury sift through duplicate copies of the documents, and, therefore, would expect that at retrial the duplicates would be removed.

(c) We also find no error in the admission of testimony concerning the value of the mill Topeka Machinery sold and Avtech Engineering installed. One of the witnesses who testified on this point was an expert on the subject, and the testimony was clearly admissible. OCGA § 24-9-66. As the second witness was the owner of the mill and a foundation was laid for his testimony, this testimony was also admissible. *Schoolcraft v. DeKalb County*, 126 Ga. App. 101 (189 SE2d 915).

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 5, 1996 —
RECONSIDERATION DENIED MARCH 19, 1996 —

*Ben B. Blackburn, Patrick J. Gibbs*, for appellant.
*Minor, Bell & Neal, Robert G. McCurry, Rickie L. Brown*, for appellee.

