A98A2174. BAILEY v. TUCKER EQUIPMENT SALES, INC.
(510 SE2d 904)

Judge Harold R. Banke.

Tucker Equipment Sales, Inc. ("Tucker") sued Thomas W. Bailey d/b/a Bailey Construction Company ("Bailey") for breaching the terms of a lease/purchase agreement. After a bench trial, the trial court entered judgment for Tucker. Bailey appeals.

Bailey executed with Tucker a 30-day lease containing a 90-day rental option and a purchase option for a front-end loader. Although Bailey paid in advance for one months' rental, Bailey did not return the loader or pay the second months' rent before Tucker repossessed it. After Tucker sued, Bailey counterclaimed asserting that Tucker breached the leasing agreement by failing to provide equipment in proper working condition or to timely make repairs.[1] It is undisputed that during the rental period the machine chronically overheated, blew a head gasket, and had an electrical problem. Bailey's Bell-South Mobility phone records reflect placement of more than 20 calls to Tucker's business number between March 25 and April 19.

Prior to trial, Bailey sought judicial interpretation under OCGA § 11-1-201 (10) of certain terms in the lease. Bailey asked the court to find that the express terms in paragraph 5 were not effective to disclaim the implied warranties of merchantability and fitness under OCGA §§ 11-2A-212; 11-2A-213 because the language was not conspicuous. That paragraph provides in pertinent part, "[l]essee acknowledges that he has examined the Equipment and that it is in good condition and repair. Lessee accepts the Equipment as is and agrees to use reasonable care in the operation of the Equipment. Upon termination of the rental, Lessee shall return the Equipment to the place of business of the Lessor in as good condition as when received by the Lessee, ordinary wear and tear excepted." Bailey contended that because the language was not highlighted, bolded, in larger print, or otherwise set off, it was not sufficiently "conspicuous," to effectively disclaim certain implied warranties as permitted by OCGA § 11-2A-214 (3) (a).

The trial court denied the motion on the basis that the language

---

[1] Bailey's evidence showed that the machine broke down on a job site, repeatedly overheated then would only run at an extremely slow rate, making it difficult to use for extended periods. Although the lease indicated that normal use during a month was 160 hours, Thomas Bailey documented that he was able only to obtain 94 hours of use over a two-month period.

was "in the same size print, and the paragraph [was] set apart from the other paragraphs by virtue of its being numbered." Bailey appeals that ruling. *Held*:

In the sole enumeration of error, Bailey asserts that the trial court erred in finding the "as is" language was "conspicuous" so as to negate any implied warranties. We agree.

Under the Georgia Commercial Code, parties may agree in writing to exclude certain implied warranties. "Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' or 'with all faults,' or by other language that in common understanding calls the lessee's attention to the exclusion of warranties and makes plain that there is no implied warranty, if in writing and conspicuous."[2] OCGA § 11-2A-214 (3) (a). "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. . . . Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." OCGA § 11-1-201 (10). Whether a clause is "conspicuous" is a question of law for the trial court to determine. OCGA § 11-1-201 (10).

A lessor may exculpate his liability with a disclaimer clause provided such limitations are expressed in clear and unambiguous language. *Petroziello v. U. S. Leasing Corp.*, 176 Ga. App. 858, 860 (338 SE2d 63) (1985). However, in order for exclusions of the implied warranties of fitness and merchantability to be effective, such exclusions must be written and conspicuous. *White v. First Fed. Savings &c.*, 158 Ga. App. 373 (1) (280 SE2d 398) (1981). *White*, supra, specifically held that to be effective "as is" language must be conspicuous, reasoning that "[t]o hold that the 'as is' language need not be conspicuous would allow the implied warranties of fitness and merchantability to be annulled by implication by language less conspicuous than if they were directly eliminated. . . . [Cit.]" Id. at 373-374. Although *White* involved the interpretation of a sales contract, we see no reason for a different result in interpreting the lease at issue here.

Without question, paragraph 5 appears in the same size font as the rest of the printed terms in paragraphs 1-16, and although separately numbered is not otherwise set apart from the other 15 paragraphs. The "as is" phrasing within that paragraph is not in larger or contrasting type or color. See *Leland Indus. v. Suntek Indus.*, 184 Ga. App. 635, 637 (1) (362 SE2d 441) (1987) (where "warranty" appears in all capital letters but disclaimer in lower case letters, disclaimer not effective). Moreover, the paragraph makes no

---

[2] Tucker's owner testified that company policy as well as industry practice directed that in the event that a defective machine was leased, the lessor would fix it, give the lessee a new one or a refund.

mention of any exclusion, disclaimer, or limitation on remedies or warranties. Compare *Harris v. Sulcus Computer Corp.*, 175 Ga. App. 140, 141 (3) (332 SE2d 660) (1985) (exclusion or modification of implied warranty of merchantability in sales agreement pursuant to OCGA § 11-2-316 (2) must mention merchantability and must be conspicuous).

Having reviewed the contract, we cannot agree that the language was "conspicuous" within the meaning of OCGA § 11-1-201 (10). *Leland Indus.*, 184 Ga. App. at 637 (1). Nor do we find that a reasonable person ought to have noticed and understood that by the mere mention of "as is" in the context it appeared, without any mention of any warranties or any disclaimers of warranties, that he was agreeing to forego any rights to lease a piece of equipment in fit and suitable working condition.[3] See *White*, 158 Ga. App. at 373-374 (1); *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435, 437 (1) (208 SE2d 321) (1974). The trial court erred in finding that the phrase precluded recovery for any implied warranties. Compare *Webster v. Sensormatic Electronic Corp.*, 193 Ga. App. 654, 655 (389 SE2d 15) (1989); *Rigdon v. Walker Sales &c.*, 161 Ga. App. 459, 461 (1) (d) (288 SE2d 711) (1982). The judgment, therefore, will be affirmed to the extent that it awards Tucker damages on Bailey's admitted breach, but the judgment must be reversed as it does not account for the damages, if any, to which Bailey is entitled on its counterclaim. We remand for a determination of Bailey's damages, if any, as a result of Tucker's alleged breach. *David J. Joseph Co. v. S & M Scrap Metal Co.*, 163 Ga. App. 685, 687-688 (2) (295 SE2d 860) (1982).

*Judgment affirmed in part, reversed in part, and case remanded with direction. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

*Thomas P. Stamps*, for appellant.
*William J. Porter, Jr.*, for appellee.

---

[3] Even assuming that Bailey conducted a visual examination of the machine before accepting it, we question how Bailey could have detected latent mechanical or electrical problems before operating the machine on a job site.