## In re: BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION.

### Lorie Hutchins, Plaintiff,

v.

### Ford Motor Company, Bridgestone/Firestone, Inc., and Banner Ford, Inc., Defendants.

#### CAUSE NO. IP 00–9373–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 22, 2002.

---

Don Barrett, Barrett Law Office Pa, Lexington, MS, Victor Manuel Diaz Jr., Podhurst Orseck Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for Plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P. Byron, Bingham McHale, LLP, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Thomas S. Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLP, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

BARKER, District Judge.

Before the Court is Plaintiff's Motion for Summary Remand. For the reasons set forth below, Plaintiff's motion is *DENIED*. In addition, Defendant Banner Ford, Inc. is *DISMISSED* from the action.

### Procedural Background

On May 15, 2001, Plaintiff filed a personal injury action against Ford Motor Company ("Ford"), Bridgestone/Firestone, Inc. ("Firestone"), and Banner Ford, Inc. ("Banner Ford"), a Ford dealership, in the State Court of DeKalb County, Georgia. The complaint alleges that Ms. Hutchins suffered injuries caused by defects in her Ford Explorer and Firestone tires when the vehicle rolled over on November 28, 1999 on Interstate 20 in Greene County, Georgia. On June 22, 2001, pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), Defendants Ford and Firestone filed a Joint Notice of Removal, removing the case to the to United States District Court for the Northern District of Georgia. Plaintiff filed her motion for remand on July 10, 2001. Judge Thrash granted a motion to stay proceedings in the Georgia court on July 27, 2001. Soon thereafter, on August 20, 2001, the case was conditionally transferred to our Court for consolidated and coordinated proceedings pursuant to 28 U.S.C. § 1407 by order of the Judicial Panel on Multidistrict Litigation. Briefing on the remand motion continued here, and the motion is ripe for decision.

### Legal Analysis

In their removal notice, Ford and Firestone aver that the district court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a).[1] Specifically, while acknowledging that Plaintiff is a citizen of Georgia and that Banner Ford also is a Georgia citizen for purposes of diversity jurisdiction, Ford and Firestone argue that Banner Ford was fraudulently joined in the action. Therefore, according to the removing defendants, the citizenship of Banner Ford, the only non-diverse Defendant in this case, does not defeat removal of the case. Plaintiff attacks this conclusion in her filings in support of the remand motion. In addition, Ms. Hutchins contends that there is a procedural defect in the removal notice that precludes removal of the action. We address these issues below.

### Removal Procedure Not Defective

■ Ms. Hutchins contends that the removal procedure is defective because the notice of removal failed to state that Banner Ford consents to removal to federal court. Pl.'s Brief in Supp. of Mot. for Remand at 2. This argument is unavailing.

---

1. Neither Ford nor Firestone contend that the Court has federal question jurisdiction under 28 U.S.C. § 1331.

To begin, Plaintiff overstates the scope of the rule. In the Seventh Circuit,[2] a notice of removal need not declare that every defendant actually consents to removal. Instead, "[a] petition is considered defective if it fails to explain *why* the other [non-consenting] defendants have not consented to removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993) (emphasis added). Certain reasons for the failure of a defendant to join in the removal action are valid excuses. *See id.* For instance, the removing defendants need not obtain the consent of defendants who have not been served as of the time of removal, as long as the removing defendants allege lack of service on the absent defendant. *Id.* at 369; *P.P Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (7th Cir.1968). Here, the Joint Notice of Removal filed by two of the three Defendants, Ford and Firestone, clearly declares that "[u]pon information and belief, Banner Ford has not been served by Plaintiff with a summons and complaint as of the time of this removal petition." Notice ¶ 4.[3] Hence, Plaintiff cannot prevail in her motion to remand on the ground that Banner Ford failed to timely consent to removal.

### Banner Ford Was Fraudulently Joined

■ In this situation, "fraudulent" can be a term of art. Rather than a finding

that Ms. Hutchins made false allegations of jurisdictional fact, a conclusion that Banner Ford was fraudulently joined in the action could mean simply that her claims against Banner Ford have "no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992).[4] According to the removing defendants, Plaintiff's claims of negligence and breach of warranties against Banner Ford are barred by Georgia law.[5] We agree.

### Negligence Claim Cannot Be Maintained Against Automobile Dealer

Plaintiff argues that Banner Ford was negligent in placing her defective vehicle and tires into the stream of commerce and that she can maintain an action against Banner Ford on this basis. In order to hold a defendant liable for negligence, the defendant must have breached a duty of care. Ms. Hutchins proposes that Banner Ford negligently designed, manufactured, tested, failed to warn of defects in, or failed to inspect (among other activities) the vehicle and tires. Complaint ¶ 14; Pl.'s Brief at 13. However, certain of these activities, such as designing and manufacturing, were not tasks undertaken by Banner Ford. Furthermore, under Georgia law, the other duties mentioned by Plaintiff are imposed only on manufactur-

---

2. Seventh Circuit law applies to questions of removal and remand in this case. *Bridgestone/Firestone v. Bridgestone/Firestone*, 128 F.Supp.2d 1198, 1200 (S.D.Ind.2001) (citing *In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1176 (D.C.Cir.1987) and *In re Ford Motor Co. Bronco II Products Liability Litigation*, 1996 WL 257570, at *1–2 (E.D.La.1996)).

3. As noted earlier, there is no dispute that the notice of removal was filed on June 22, 2001. Likewise, the record clearly reflects that Banner Ford was not served until August 6, 2001.

4. Indeed, Ford and Firestone claim that Plaintiff fraudulently pled jurisdictional facts

on the ground that her dilatoriness in effecting service on the properly identified dealer indicates that she does not intend to pursue judgment against Banner Ford. Defs.' Brief at 6. We need not address this issue as we find on another basis that Banner Ford was fraudulently joined in this action.

5. Plaintiff's complaint includes a strict liability claim against Banner Ford, but, as Ms. Hutchins recognizes, Georgia law does not allow for strict liability claims against sellers who are not manufacturers. Ga.Code Ann. § 51–1–11.1.

ers, not dealers, so Banner Ford, as a dealer, cannot be liable for failing to fulfill them. In Georgia,

> [i]t is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury.

*General Motors Corp. v. Davis,* 141 Ga. App. 495, 233 S.E.2d 825, 828–29 (1977) (citing *King Hardware Co. v. Ennis,* 39 Ga.App. 355, 147 S.E. 119, 121 (1928)).

■ Plaintiff counters that "the facts may show Defendant Banner undertook to and negligently failed to inspect and discover the injury-causing defect in this product." Pl.'s Brief at 13. As such, according to Ms. Hutchins, the Complaint alleges a cause of action against Banner Ford sufficient to demonstrate that the non-diverse Defendant was not fraudulently joined. *Id.* As a statement of law, it is certainly correct that "if a dealer does inspect or test its merchandise, it must do so non-negligently." *General Motors,* 233 S.E.2d at 829. Plaintiff has not, however, presented evidence demonstrating that Banner Ford undertook to conduct any

inspection at all of the Explorer or its tires, let alone that the non-diverse Defendant failed to exercise reasonable care in whatever inspection it did undertake. Contrary to Plaintiff's claim that her pleadings must be accepted as true at this stage of the proceedings, the standard in the Seventh Circuit requires the Court to look beyond the pleadings when testing for fraudulent joinder. In *Faucett v. Ingersoll–Rand Mining & Machinery Co.,* 960 F.2d 653, 654–55 (7th Cir.1992), the Seventh Circuit upheld the district court's decision to look beyond the plaintiff's complaint alleging that a non-diverse repairman negligently performed maintenance on a roof-bolter (a piece of mining equipment). Rather, the district court relied on the repairman's uncontradicted affidavit stating that "he had absolutely nothing to do with any roof-bolters at the [mine]." *Id.* at 655; *see also Schwartz v. State Farm Mutual Automobile Ins. Co.,* 174 F.3d 875, 879 (7th Cir.1999) (holding that liability was not reasonable possibility "based on [the] law and the *facts*" before the court) (emphasis added). Because Plaintiff does not substantiate her allegations, we cannot hold that Banner Ford is a proper defendant in a negligence action.[6]

**Breach of Warranty Claims Cannot Be Maintained Against Automobile Dealer**

■ Ms. Hutchins further alleges that Banner Ford is liable for breach of warranties of merchantability and fitness. Complaint ¶ 16. Ford and Firestone counter that Banner Ford disclaimed such liability at the time of sale. Under Georgia law, car dealers, such as Banner Ford, can "effectively and lawfully disclaim[ ] any

---

**6.** In so holding, we do not violate the rule that the removing defendant bears the burden of establishing fraudulent joinder. *See Poulos,* 959 F.2d at 73. Instead, we follow the established principle that the removing defendant "need not negate any possible theory that [the plaintiff] might allege in the future."

*Id.* at 74. As in *Schwartz,* 174 F.3d at 879, we do not find "that there is no possibility that a state court would someday hold that [dealers] can be liable for the tort at issue. We only hold that it is not a reasonable possibility based on current [Georgia] law *and the facts before us.*" (emphasis added).

implied warranties by virtue of its contract disclaimer [if the disclaimer meets] the requirements [of the Georgia Commercial Code]." *Holman Motor Co. v. Evans,* 169 Ga.App. 610, 314 S.E.2d 453, 456 (1984). To disclaim a implied warranty of merchantability, the language of the disclaimer "must mention merchantability and in case of a writing must be conspicuous." Ga. Code Ann. § 11–2–316(2). The implied warranty of fitness is disclaimed only if there is a conspicuous writing. *Id.* Under Georgia law, a writing is conspicuous if "it is so written that a reasonable person against whom it is to operate ought to have noticed it." Ga.Code Ann. § 11–1–201(10).

The removing defendants submit two documents to support their contention that Banner Ford effectively disclaimed liability for breach of implied warranties. The first item is the bill of sale signed by John Hutchins, Plaintiff's husband. Just below the middle of the page on the left side of the page, the following appears:

### DISCLAIMER OF WARRANTIES

Any warranties on the products sold hereby are those made by the manufacturer. The Seller hereby disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

Def.'s Ex. 5 (bolding and capitals in original). The second document consists of one sheet of paper entitled "DISCLAIMER" that contains two paragraphs. Def.'s Ex. 6. Mr. Hutchins initialed the line next to the paragraph stating:

NEW VEHICLE, ANY WARRANTIES ON THE PRODUCT SOLD HEREBY ARE THOSE MADE BY THE MANUFACTURER(S). DEAL-ER INSTALLED EQUIPMENT IS NOT COVERED BY THE MANUFACTURER WARRANTY. WARRANTIES, IF ANY, ON THIS EQUIPMENT ARE THOSE OF THE RESPECTIVE MANUFACTURER(S). THE SELLING DEALER, HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND THE SELLING DEALER, NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF SAID PRODUCT.

Def.'s Ex. 6 (capitals in original).

These disclaimers satisfy the requirements of the Georgia Commercial Code. Both documents specifically mention merchantability and fitness. Both writings are conspicuous. The heading for the paragraph in the bill of sale is in capitals. Ga.Code Ann. § 11–1–201(10) ("A printed heading in capitals ... is conspicuous."). In addition, the language in the body of the paragraph is conspicuous because it is set off from the rest of the document near the middle of the page. *Cf. Bailey v. Tucker Equipment Sales, Inc.,* 236 Ga. App. 289, 510 S.E.2d 904, 906 (1999) (disclaimer ineffective because body of disclaimer paragraph neither set apart from other paragraphs nor in larger or contrasting type or color). Most importantly, the initials of the buyer next to the paragraph disclaiming liability provides direct evidence getting to the point of the requirement that the writing be conspicuous: the initials indicate that Mr. Hutchins did, in fact, *notice* the disclaimer. *See* Ga.Code Ann. § 11–1–201(10). These two documents, in light of Georgia statutes as interpreted by Georgia courts, require us to reject Plaintiff's argument that "[n]o evi-

dence or argument exists [in this case] suggesting that any disclaimer, if made, was adequate or proper under controlling Georgia law." Pl.'s Brief at 14. To the contrary, based on the facts available, Banner Ford could not be held liable for breach of implied warranties.[7] *See Schwartz*, 174 F.3d at 879 (examining law and facts to determine that liability was not a reasonable possibility).

### Conclusion

For the reasons set forth above, Plaintiff's motion for remand is *DENIED* and Defendant Banner Ford is *DISMISSED* from this action.

It is so ORDERED this ___ day of May 2002.

---

**7.** While the Complaint does not state a claim for breach of express warranty, Plaintiff suggests in her argument in support of remand that she can maintain a breach of express warranty action against Banner Ford or the ground that, at this stage of the proceedings, Banner Ford cannot be found to have disclaimed any express warranty. Even if Plaintiff had presented evidence concerning the existence of an express warranty, as is re-quired under Seventh Circuit law, this claim would fail. Beyond any doubt under Georgia law, Banner Ford's disclaimers are effective as to any express warranty. *Leland Industries, Inc. v. Suntek Industries, Inc.*, 184 Ga. App. 635, 362 S.E.2d 441, 444 (1987) (even a non-conspicuous disclaimer can exclude liability for breach of express, as opposed to implied, warranty).